17465

ALLEN BROTHERS MILLING COMPANY, Plaintiff-Respondent, v. John Q. ADAMS and Mildred C. Adams, Defendants-Appellants

(105 S. E. (2d) 257)

*Norbert A. Theodore, Esq.,* of Columbia, *for Appellants,*

*Messrs. Calvo & Lee,* of Columbia, *for Respondent,*

October 16, 1958.

OXNER, Justice.

This is an appeal by defendants from a compulsory order of reference. They contend that the action is one at law affecting title and the right of possession to real estate and that on the issues made by the pleadings, they are entitled to a jury trial as a matter of right. Plaintiff claims that the suit is one in equity which the Court in its discretion was fully empowered to refer to the Master.

The action was brought to enjoin defendants from damming back the water entering their property from the plaintiff's land through a pipe under a public road, and to require defendants to lower the level of the water in their pond so as to permit the free and natural flow of water from the ponds on plaintiff's land. Defendants entered a general denial and further alleged that two dams on plaintiff's land obstruct the free flow of water from the springs on said property and that the second pond built by plaintiff near defendants' line was of such height and size as to constitute a nuisance. By way of counterclaim or cross-action, defendants seek to restrain plaintiff from maintaining its second pond at the present level and to require it to lower the level of the water in this pond to or below the level of the highway. Neither party asked for damages. Only injunctive relief is sought.

A demurrer by plaintiff to the counterclaim was heard by Judge Griffith. He held that the action was one in equity and that a decision on the demurrer should be deferred until after the evidence was taken. Shortly thereafter defendants' attorney gave notice of a motion for framing issues under Section 10-1057 of the 1952 Code and Rule 28 of the Circuit Court, and along with said notice proposed thirteen issues of fact to be tried by a jury. Within the time required by Rule 28, counsel for plaintiff proposed eight issues for sub-

mission to the jury. The motion to frame issues was heard by Honorable M. M. Weinberg, Special Judge presiding in the Fifth Circuit. He concluded that the submission of the proposed issues to the jury would cause "confusion" and "would result in no substantial aid to and enlightenment of the conscience of the court." Accordingly, in the exercise of his discretion, he declined to submit any issues to the jury and referred the case to the Master for Richland County to take and report the testimony together with his findings of law and fact.

We find it unnecessary to determine whether any issues of a legal nature are raised by the pleadings. The conduct of the parties requires that this action be regarded solely as in equity. There was no appeal from the order of Judge Griffith holding that the suit was in equity. The motion by defendants to frame issues was made under Section 10-1057 of the Code and Rule 28 of the Circuit Court which apply only to cases in equity. So far as the record discloses, no contention was made in the court below that the case involved legal issues upon which defendants were entitled to a jury trial as a matter of right.

Under the foregoing circumstances defendants cannot now claim that this is a law case entitling them to a jury trial as a matter of right. *Price v. Richmond & Danville R. Co.,* 38 S. C. 199, 17 S. E. 732; *Haselden v. Schein,* 167 S. C. 534, 166 S. E. 634; *Mellette v. Atlantic Coast Line R. Co.,* 181 S. C. 62, 186 S. E. 545; *Anderson v. Aetna Life Insurance Co.,* 4 Cir., 89 F. (2d) 345.

*Standard Warehouse Co. v. Atlantic Coast Line R. Co.,* 222 S. C. 93, 71 S. E. (2d) 893, strongly relied on in appellants' brief, does not sustain their contention. On the contrary, it is in full accord with our conclusion. This was an action to abate an alleged nuisance and for the recovery of actual and punitive damages. The jury found for the defendant. The trial Judge, treating the action as one in equity, set aside the verdict, granted a mandatory injunction sought by plaintiff and awarded actual damages against the defend-

ant. On appeal by defendant, it was held that the case presented both legal and equitable issues, and that the trial Judge erred in disregarding the jury's verdict determining the legal issue in favor of defendant and rendering judgment for plaintiff. It was further held, in effect, that since the parties treated the case as a law case throughout the trial, the plaintiff was not in a position after the verdict of the jury to contend that the action was one in equity and that the verdict was only for the aid and enlightenment of the Chancellor.

Regarding the instant case, as we must, as an action in equity, the parties were not entitled to a trial by jury as a matter of right. The framing of issues was addressed to the sound discretion of the trial Judge. He was fully empowered to refuse to submit issues to the jury and either refer the case or determine the questions involved without a reference. *Erskine v. Erskine,* 107 S. C. 233, 92 S. E. 465; *Johnstone v. Matthews,* 183 S. C. 360, 191 S. E. 223; *Momier v. John McAlister, Inc.,* 190 S. C. 529, 3 S. E. (2d) 606; *Holly Hill Lumber Co., Inc. v. McCoy,* 201 S. C. 427, 23 S. E. (2d) 372; *Greenwood Lumber Co. v. Cromer,* 225 S. C. 375, 82 S. E. (2d) 527. In *Erskine v. Erskine, supra* [107 S. C. 233, 92 S. E. 468], the Court said: "We concur, also, with the court below that, in actions in equity, the parties are not entitled, as a matter of right, to trial by jury. Even when they comply with the statute and rule 28 of the circuit court, the matter is still, by express terms of the statute * * * in the discretion of the court."

We find no abuse of discretion in entering a general order of reference to the Master.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.