22700

Stephen L. and Glenda JOHNSON, Appellants v.
SOUTH CAROLINA NATIONAL BANK, Respondent.
(354 S. E. (2d) 895)

Supreme Court

*David W. Goldman* and *Kelly J. Golden* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellants.*

*Manton M. Grier* and *Elizabeth A. Carpentier* of *Boyd, Knowlton, Tate & Finlay, P.A.* and *L. Henry McKellar, Associate Gen. Counsel of South Carolina Nat. Bank,* Columbia, *for respondent.*

Submitted Jan. 21, 1987.

Filed April 13, 1987.

*Per Curiam:*

The Circuit Court denied appellants' (the Johnsons') motion to transfer this case to the jury roster.
We reverse and remand.

## FACTS

This is the second appeal in this litigation. The Johnsons brought suit against respondent South Carolina National Bank (SCN) to rescind a guaranty agreement on the ground of fraud. In the same complaint, the Johnsons also sought money damages in causes of action for outrage, invasion of legal rights and breach of fiduciary duty. SCN answered and moved to require the Johnsons to elect to proceed "in equity or at law." The Johnsons elected to proceed on the equitable theory of rescission. The trial judge ruled, however, that the Johnsons' other causes of action could be maintained in the same complaint.

SCN then moved for an order transferring the case to the non-jury roster on the ground the Johnsons had elected to pursue an equitable remedy. The motion was granted and the Johnsons appealed. This Court affirmed, holding that the "main purpose" of the action was rescission, an equitable remedy for which there is no right to a jury trial. *See Johnson v. South Carolina National Bank*, 285 S. C. 80, 328 S. E. (2d) 75 (1985).

The case was remanded and placed on the non-jury roster for an August 1985 term of court. Both parties joined in a request that the case be continued to an October 1985 term, but the presiding judge struck the cases from the roster pursuant to Rule 40(c)(3), SCRCP.

Thereafter, the Johnsons refiled their complaint, captioned "Non-jury." SCN's answer included a compulsory, legal counterclaim for damages under the guaranty agreement. *See* Rule 13(a), SCRCP. The Johnsons replied and demanded a jury trial of the counterclaim. *See* Rule 38(b), SCRCP. SCN moved to strike the demand. The Circuit Court granted the motion, holding the Johnsons had no right to a jury trial on the counterclaim.

## ISSUE

Where the plaintiff's complaint is equitable and the defendant's counterclaim is legal and compulsory, does the *plaintiff* have a right to a jury trial on the counterclaim?

## DISCUSSION

In *C & S Real Estate Services v. Massengale*, 290 S. C. 299, 350 S. E. (2d) 191 (1986), this Court issued an order clarifying the procedure to be followed under Rules 13, 38 and 42, SCRCP, when a complaint is equitable and a counterclaim is legal and compulsory:

> (4) If the complaint is equitable and the counterclaim legal and compulsory, the *defendant* has the right to a jury trial on the counterclaim. In that case, the proper procedure is as follows:
> (a) The trial judge should, pursuant to Rule 42(b), order separate trials of the legal and equitable claims ... [Emphasis supplied].

290 S. C. at 302, 350 S. E. (2d) at 193.

SCN contends the *C & S* order is not applicable here because the *plaintiff's*, not the *defendant's*, rights are at issue. It argues that the Johnsons waived any right to a jury trial on the counterclaim when they voluntarily filed a complaint seeking an equitable remedy. This position has some support in case law. *See, e.g., Gulesian v. Newton Trust Co.*, 302 Mass. 369, 19 N. E (2d) 312 (1939).

Other courts, however, have held that a defendant *or a plaintiff* has a right to a jury trial of issues raised in a compulsory legal counterclaim interposed in an equitable action. In *Landers v. Goetz*, 264 N. W. (2d) 459 (N.D. 1978), the court construed Rules 13(a) and 38(b), N.D.R. Civ. P., which are identical to Rules 13(a) and 38(b), SCRCP, as to this issue. The plaintiff in *Landers* brought an equitable action for the determination of title to real estate. The defendant counterclaimed for money damages, a legal remedy, but did not request a jury trial. The plaintiff replied, requesting a jury trial of the counterclaim. The court held *either* party may demand a jury trial of a compulsory legal counterclaim. *See also Forrest v. Fuchs*, 126 Misc. (2d) 8, 481 N.Y.S. (2d) 250 (1984) [right to jury trial of legal counterclaim interposed in equitable action belongs to both defendants and to plaintiffs]; *Noto v. Headley*, 28 Misc. (2d) 294, 213 N.Y.S. (2d) 936 (1961) [plaintiff entitled to jury trial as of right on legal counterclaim]; *Annot.*, 17 A.L.R. (3d) 1321.

We agree and hold that both plaintiffs and defendants have a right to a jury trial of issues raised in a compulsory legal counterclaim interposed in an equitable action.

Additionally, we make the following amendments to our order in *C & S*. As noted above, subsection (4)(a) of the order provides: "The trial judge should, pursuant to Rule 42(b), order separate trials of the legal and equitable claims." In formulating this provision, it was not our intention to deprive the trial judge of the option of trying legal and equitable claims in a single proceeding when convenience so directs.

Federal courts, in construing Fed. R. Civ. P. 42, have held that legal and equitable issues may be tried in a single

proceeding. In *DePinto v. Provident Sec. Life Ins. Co.*, 323 F. (2d) 826 (9th Cir. 1963), *cert. denied sub nom. Gorsuch v. DePinto*, 376 U. S. 950, 84 S. Ct. 965, 11 L. Ed. (2d) 969 (1964), the court held that legal and equitable claims may be tried side by side in the same action with the jury rendering a verdict on the legal issues and the court rendering a decision on equitable issues. *See also Ross v. Bernhard*, 396 U. S. 531, 90 S. Ct. 733, 24 L. Ed. (2d) 729 (1970); *Fanchon & Marco, Inc. v. Paramount Pictures*, 202 F. (2d) 731 (2d Cir. 1953); *General Inv. Co. of Conn. v. Ackerman*, 37 F.R.D. 38 (D.C.N.Y. 1964).

■ We agree and hold that where a complaint is equitable and the counterclaim is legal and compulsory, the trial judge has two options. He may either order separate trials pursuant to Rule 42(b) or may order the claims tried in a single proceeding. In making this determination, caution should be taken to assure that, under the circumstances of the case, a joint trial will not deprive a party of his right to a full jury trial of legal issues. *Cf. Commercial Iron & Metal Co. v. Bache Halsey Stuart, Inc.*, 581 F. (2d) 246 (10th Cir. 1978), *cert. denied*, 440 U. S. 914, 99 S. Ct. 1229, 59 L. Ed. (2d) 463 (1979).

■ Moreover, when issues common to both legal and equitable claims are to be tried in a single proceeding, legal issues are to be determined first, and the findings of the jury are binding on the sitting judge, as trier of the equitable claims. *See GTE Sylvania, Inc. v. Continental T.V., Inc.*, 537 F. (2d) 980 (9th Cir. 1976), *cert. granted*, 429 U. S. 893, 97 S. Ct. 252, 50 L. Ed. (2d) 176, *affirmed*, 433 U. S. 36, 97 S. Ct. 2549, 53 L. Ed. (2d) 568 (1977); *Roscello v. Southwest Airlines Co.*, 726 F. (2d) 217, *reh'g denied*, 732 F. (2d) 941 (5th Cir. 1984).

Accordingly, our order in *C & S* is modified. We summarize here the proper analysis for determining the trial of legal and equitable issues in complaints and counterclaims.

(1) If both the complaint and the counterclaim are in equity, the entire matter is triable by the court.

(2) If both are at law, the issues are triable by a jury.

(3) If the complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial.

(4) If the complaint is equitable and the counterclaim legal and compulsory, the plaintiff or the defendant has a right to a jury trial on the counterclaim. In that case the proper procedure is as follows:

(a) The trial judge may, pursuant to Rule 42(b), order separate trials of the legal and equitable claims, or may order the claims tried in a single proceeding.

(b) If separate trials are ordered, the judge must determine which issues are to be tried first. If there are factual issues common to both claims, absent the "most imperative circumstances," *Beacon Theatres, Inc. v. Westover*, 359 U. S. 500, 79 S. Ct. 948, 3 L. Ed. (2d) 988 (1959), the "at law" claim must be tried first. If there are no common factual issues, it is within the trial judge's discretion which claim will be tried first.[1]

(c) If the claims are to be tried in a single proceeding and there are factual issues common to both claims, the jury shall first determine the legal issues. The court may then determine the equitable claims, but the jury's determination of common factual issues shall be binding upon the court.

Reversed and remanded.

NESS, C. J., not participating.

---

[1] Note that the provision in *C & S* that "[t]he clerk of court must immediately place the 'at law' action at the top of the trial roster" is intentionally omitted in this version.