## 1028

NORTH CAROLINA FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff v. DAV CORP., Parasol Development Corporation and Carolina FinCorp., Inc., now by change of name NCF Financial Corporation, all d/b/a Parasol Inn Joint Venture, and Petite Paris, Inc., Defendants, of which DAV Corp. is Third-Party Plaintiff v. PARASOL DEVELOPMENT CORPORATION, Carolina FinCorp., Inc., now NCF Financial Corporation, Roger Van Wie, Geoffrey Van Wie, and Resort Management Group, Inc., Third-Party Defendants, of which Parasol Development Corporation is Third-Party Plaintiff v. Daniel A. VOGEL, Jr., Second Third-Party Defendant.

and

NCF FINANCIAL CORPORATION, is the Third-Party Plaintiff v. RESORT MANAGEMENT GROUP, INC., Roger Van Wie and Geoffrey Van Wie, Third-Party Defendants, of whom North Carolina Federal Savings and Loan Association, Parasol Development Corporation, Carolina FinCorp, Inc., now by change of name NCF Financial Corporation, Roger Van Wie, Geoffrey Van Wie, and Resort Management Group, Inc. are Respondents, and DAV Corp. who is Appellant.

Appeal of DAV CORP.

(362 S. E. (2d) 308)

Court of Appeals

28

*John M. Leiter* of *Lawn & Leiter*, Myrtle Beach, *for appellant.*

*Steven H. John,* North Myrtle Beach, *J. Rutledge Young, Jr.* of *Young, Clement, Rivers & Tisdale,* Charleston and *Joel W. Collins, Jr.* of *Collins & Lacy,* Columbia, *for respondents.*

Heard Sept. 16, 1987.

Decided Oct. 26, 1987.

GOOLSBY, Judge:

The main issue in this foreclosure action by the respondent North Carolina Federal Savings and Loan Association ("NCFS & L") against the appellant DAV Corporation ("DAV") and the respondents Parasol Development Corporation ("Parasol") and Carolina FinCorp., Inc., now NCF Financial Corporation ("NCF"), doing business as Parasol Inn Joint Venture ("Parasol Inn"), and against the defendant Petite Paris, Inc., is whether DAV is entitled as a matter of right to a jury trial on counterclaims it asserts against NCFS & L, on cross-claims it asserts against Parasol and NCF, and on third-party claims it asserts against the third-party defendants Roger Van Wie, Geoffrey Van Wie, and Resort Management Group, Inc. ("Resort Management"). We dismiss.

On January 24, 1984, Parasol, NCF, and DAV entered into a joint venture agreement for the purpose of developing a condominium project in Horry County, South Carolina. The agreement established Parasol Inn as a South Carolina Partnership. On the same day, Parasol Inn, by its partners, executed a promissory note and secured the note by giving NCFS & L a mortgage in the amount of $1,950,000.

NCFS & L instituted the instant action on February 8, 1985, seeking a judgment on the note and foreclosure of the mortgage.

DAV simultaneously alleges in counterclaims against NCFS & L and in cross-claims against NCF causes of action for breach of contract accompanied by a fraudulent act, breach of contract, breach of fiduciary obligations, wrongful dissolution of the partnership, and violation of the unfair trade practices act. It alleges in cross-claims against Parasol causes of action for breach of contract accompanied by a fraudulent act, breach of fiduciary duties, and wrongful dissolution of the partnership. DAV simultaneously alleges

in cross-claims against Parasol and in third-party claims against the Van Wies and Resort Management causes of action for conversion and violation of the unfair trade practices act.

DAV, apparently by motion, demanded a jury trial on the causes of action alleged in its counterclaims, cross-claims, and third-party claims. Parasol, on the other hand, moved pursuant to Rules 13(i), 14(a), 21, and 42(b) of the South Carolina Rules of Civil Procedure for severance of and "separate trials" on the causes of action alleged in DAV's counterclaims, cross-claims, and third-party claims. NCFS & L and NCF moved to refer the entire matter to the master.

The circuit court refused DAV's demand for a jury trial on its several claims, denied Parasol's request for severance of and separate trials on DAV's counterclaims, cross-claims, and third-party claims, and referred all issues to the master. DAV appeals the denial by the circuit court of the demand for a jury trial and of the request for severance and separate trials.

Regarding DAV's contention that it is entitled to a ■■ jury trial on its counterclaims, a defendant in an equity action, such as a mortgage foreclosure, has a right to a jury trial on a counterclaim that is legal and compulsory in character. *C & S Real Estate Services v. Massengale,* 290 S. C. 299, 350 S. E. (2d) 191 (1986), *modified, Johnson v. South Carolina National Bank,* 292 S. C. 51, 354 S. E. (2d) 895 (1987); S.C.R.Civ.P. 13(a). But where a defendant in an action begun in equity asserts a permissive counterclaim that is legal in nature, the defendant is deemed to have waived the right to a jury trial on the issues raised by the counterclaim. *Id.*

A counterclaim is compulsory if the counterclaim ■ "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." S.C.R.Civ.P. 13(a). Two tests a court may use in determining whether a claim arises out of the same transaction or occurrence are whether the issues of fact and law raised by the claim and counterclaim are largely the same and whether there is any logical relation between the claim and the counterclaim. *Sue & Sam Manufacturing Company v. B-L-S Construction Company,* 538 F. (2d) 1048 (4th Cir. 1976);

*Minnetonka, Inc. v. Sani-Fresh Intern., Inc.*, 103 F.R.D. 377 (D. Minn. 1984); H. LIGHTSEY & J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 251 (1985). A counterclaim is compulsory if the question posed by either test is answered affirmatively. 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1410 at 43 (1971).

When these tests are applied to the case at hand, it is ■ clear that DAV's counterclaims against NCFS & L are not compulsory but are permissive.

NCFS & L's claim and DAV's counterclaims, as the pleadings reveal, do not raise largely identical issues of fact and law. The issues surrounding NCFS & L's claim relate only to the note and mortgage allegedly given by Parasol Inn on January 24, 1984. On the other hand, the issues surrounding DAV's counterclaims relate to alleged subsequent oral agreements by NCFS & L and NCF to provide Parasol Inn additional financing and a construction loan, to the joint venture agreement itself, to certain alleged unfair acts and practices committed by NCFS & L and NCF that are not alleged to have involved the note and mortgage, and to two alleged subsequent oral agreements by NCFS & L and NCF to purchase DAV's interest in Parasol Inn.

NCFS & L's claim and DAV's counterclaims are not logically related. The transaction or occurrence that supports NCFS & L's claim is the note and mortgage given by Parasol Inn. DAV's counterclaims neither attack the validity of the note and mortgage nor challenge NCFS & L's right to seek judgment on the note and to foreclose the mortgage. *Cf. Kissell Company v. Farley*, 417 F. (2d) 1180 (7th Cir. 1969) (wherein the court viewed as compulsory a counterclaim in a mortgage foreclosure action that specifically alleged that the documents relied on by the mortgagee were invalid as to the defendant). Instead, DAV's counterclaims, as we have indicated, assert causes of action based on other transactions or occurrences.

By asserting permissive counterclaims, DAV lost any right it might otherwise have had to a jury trial on the issues that the counterclaims raise.

Regarding DAV's contention that it is entitled to a jury trial on the issues raised by its cross-claims and third-party claims, cross-claims and third-party claims, unlike counterclaims, are always permissive. *Aetna Insurance Company v. Pennsylvania Manufacturers Association Insurance Company*, 456 F. Supp. 627 (E. D. Penn. 1978); 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1431 at 164 (1971); H. LIGHTSEY & J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 255 (1985); *see* S.C.R.Civ.P. 13(g) ("A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein ..."); H. LIGHTSEY & J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 260 (1985) (the rule relating to third-party complaints "is permissive and not mandatory"); S.C.R.Civ.P. 14(a) ("At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action ..."). Because DAV's cross-claims and third-party claims, like its counterclaims, are permissive, DAV, by asserting the cross-claims and third-party claims in an action begun in equity, also lost any right it might otherwise have had to a jury trial on the issues that the cross-claims and third-party claims raise. *See Johnson v. South Carolina National Bank, supra*, 292 S. C. at 53, 354 S. E. (2d) at 897 ("If the complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial.").

The circuit court, therefore, committed no error in denying DAV's motion for a jury trial on the issues raised in its counterclaims, cross-claims, and third-party claims. Since the circuit court's denial of DAV's motion for a jury trial does not deprive DAV of a mode of trial to which DAV is entitled as a matter of right, the order to the extent that it denies DAV a jury trial is not directly appealable and DAV's appeal in this regard must be dismissed. *C & S Real Estate Services v. Massengale, supra.*

We also dismiss DAV's appeal from the circuit court's denial of Parasol's motion for severance and separate trials. An order refusing severance and separate tri-

als, because it does not affect a substantial right, is ordinarily not immediately appealable. *Winfree v. Winfree*, 438 S. W. (2d) 937 (Tex. Civ. App. 1969); 4 C. J. S. *Appeal & Error* § 115 at 313-14 (1957); *see State v. Allen*, 266 S. C. 175, 222 S. E. (2d) 287 (1976), *vacated on other grounds*, 432 U. S. 902, 97 S. Ct. 2944, 53 L. Ed. (2d) 1074 (1977) (a criminal defendant is not entitled to a separate trial as a matter of right, and a motion for severance is within the discretion of the trial court).

Appeal dismissed.

SANDERS, C. J., and GARDNER, J., concur.