2247

William F. GARDNER, Respondent v. Jason C. TRAVIS and Dorothy Nell Travis, Defendants, of whom Jason C. Travis is, Appellant.

(450 S.E. (2d) 54)

Court of Appeals

*Heyward Johnson,* Charleston, *for appellant.*

*Charles S. Altman* and *Edward A. Frazier, Finkel, Goldberg, Sheftman & Altman,* Columbia, *for respondent.*

Heard Oct. 5, 1994.

Decided Oct. 24, 1994; Reh. Den. Nov. 22, 1994.

GOOLSBY, Judge:

This is a foreclosure action brought by William F. Gardner against Jason C. Travis and Dorothy Nell Travis. Jason C. Travis answered and counterclaimed. The circuit court ordered the foreclosure action referred to the master-in-equity for trial and the counterclaims placed on the jury roster for trial. The master ordered the mortgages foreclosed. Jason C. Travis appeals. The dispositive issue on appeal concerns the master's addressing questions common to both the foreclosure action and the counterclaims while the counterclaims were still pending on the jury roster. We vacate the master's order and remand.

In 1990 and 1992, Travis executed two promissory notes and mortgages totaling $100,000 in Gardner's favor. On December 29, 1992, Gardner brought the instant action to foreclose both mortgages. Travis answered and counterclaimed. His answer alleged the notes and mortgages were void because they were given to secure gambling debts between the parties. Travis counterclaimed for (1) return of the sums paid on the notes, plus treble damages, and (2) actual and punitive damages for abuse of process and outrage.

The circuit court severed Travis's counterclaims from Gardner's foreclosure action, finding Travis's counterclaims were

"compulsory in nature" and contained legal issues. It referred the foreclosure action to the master for "trial of the equitable issues" and ordered the counterclaims "placed on the calendar maintained by the Clerk . . . to be tried by [a] jury."

The master heard the foreclosure action before the parties could try the counterclaims before a jury. Although neither party objected to the master's hearing the foreclosure action at that time, Travis's counsel reminded the master of the circuit court's order and its provision for a jury trial on the legal issues raised in his counterclaims. He expressly told the master the question of whether the debts represented by the notes and mortgages were illegal gambling debts was raised in the foreclosure action as a defense to the foreclosure action itself and in the counterclaims.[1]

Rather than wait until the jury had determined the legal issues regarding the validity of the notes and mortgages raised by Travis's counterclaims, the master made detailed findings of fact on the validity of the notes and mortgages even though he expressly recognized the circuit court had ordered the counterclaims "placed on the jury calendar to be heard." The master expressly found, after assessing the credibility of the parties, the notes and mortgages did not secure gambling debts between the parties, as Travis had alleged in both his answer and counterclaims, and ordered the *mortgages fore-closed and the property sold*.

Because a foreclosure action is an action in equity, a party has no right to a jury trial of the issues raised in a foreclosure action. *C & S Real Estate Servs., Inc. v. Massengale*, 290 S.C. 299, 350 S.E. (2d) 191 (1986), *modified,*

---

[1]The transcript reflects the following occurred at the conclusion of the hearing held before the master:

[TRAVIS'S COUNSEL]: Also I would like to bring to the court's attention here, and I know the court is aware that there has been a split in this action. There are certain counterclaims, and a previous Order in this case has been issued, whereas, the counterclaims have been referred over for a jury trial. And the foreclosure action, with the defenses appurtenant thereto, have [sic] been secured in this action, from a demand for a jury trial that was granted, because [the circuit court] separated them. I assume according to the law.
[MASTER]: You had a trial on your—
[TRAVIS'S COUNSEL]: No, sir, we've not had a trial on those issues yet.

*Johnson v. South Carolina Nat'l Bank,* 292 S.C. 51, 354 S.E. (2d) 895 (1987). Where a defendant in an equitable action asserts a compulsory counterclaim that alleges actions at law, both the plaintiff and the defendant have a right to have a jury trial on the issues raised by the compulsory legal counterclaim. *Johnson,* 292 S.C. at 54, 354 S.E. (2d) at 896. If there are factual issues common to both the legal and equitable claims, the legal claim, "absent the most imperative circumstances," must be tried, that is, disposed of, first. *Id.* at 56, 354 S.E. (2d) at 897. *See Harkey v. Texas Employers' Ins. Ass'n,* 146 Tex. 504, 208 S.W. (2d) 919, 922 (1948) (holding issues are not "tried" merely by hearing the testimony); *People v. Bleecker St. & F.F. R.R.,* 67 Misc. 582, 124 N.Y.S. 786, 787 (1910) (holding the word "tried," as used in Code of Civil Procedure § 976, is synonymous with the words "disposed of").

In determining whether to order separate trials or a single proceeding, "caution should be taken" by the trial court "to assure that, under the circumstances of the case, a joint trial will not deprive a party of his right to a full jury trial of legal issues." *Johnson,* 292 S.C. at 55, 354 S.E. (2d) at 897. The same caution ought also to be taken where separate trials are ordered. Neither party should be deprived of the right to have a jury determine the legal issues.

Here, the master deprived Travis of his right to have determined by a jury the legal issues regarding the validity of the underlying debts when the master disposed of these issues before a jury determined whether the debts in question resulted from gambling between the parties. No imperative circumstances warranted the master's disposing of the equitable issues first. Indeed, Gardner does not claim any such circumstances existed, nor did the master find any.

We therefore vacate the master's order and remand the case for the master to determine the equitable issues raised in Gardner's claim for foreclosure and for a jury to determine the legal issues raised in Travis's counterclaims for illegal gambling debts, abuse of process, and outrage. The jury determinations shall include the issues regarding the validity of the debts secured by the notes and mortgages, issues common to both the legal and equitable claims. The master shall not dispose of the foreclosure action until all legal issues raised by Travis's compulsory counterclaims have themselves been dis-

posed of by jury trial. Rule 42(b), SCRCP.

Vacated and remanded.

CURETON and CONNOR, JJ., concur.