544 S.E.2d 642

**Nelson BROWN, Appellant,**

v.

**GREENWOOD SCHOOL DISTRICT 50 BOARD OF TRUSTEES; John L. Kinlaw as Superintendent; and Dorothy Kinlaw, Respondents.**

No. 3308.

Court of Appeals of South Carolina.

Submitted Jan. 3, 2001.

Decided Feb. 26, 2001.

Rehearing Denied April 23, 2001.

Nelson Brown, of Greenwood, pro se.

Allen D. Smith, of Childs & Halligan, of Columbia, for respondents.

PER CURIAM:

Nelson Brown appeals the trial court's order transferring his case to the non-jury docket. We dismiss the appeal because the order appealed is interlocutory and not immediately appealable.[1]

Nelson Brown filed this action alleging the superintendent of the school district, John L. Kinlaw, improperly allowed his wife to be employed under his supervision pursuant to

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

S.C.Code Ann. § 8-13-750 (Supp.2000). The school district moved for summary judgment which was denied. The trial court then granted the school district's motion to transfer the case to the non-jury docket, and Brown appeals.

## LAW/ANALYSIS

Brown argues he was entitled to a jury trial on his various causes of action. We disagree.

In *Johnson v. South Carolina National Bank*, the defendant's motion to transfer the case to the non-jury roster was granted by the trial court because the plaintiffs were pursuing an equitable remedy. 292 S.C. 51, 53, 354 S.E.2d 895, 895 (1987). The supreme court affirmed, noting the main purpose of the action was rescission, an equitable remedy for which there is no right to a jury trial. *Id.* at 53, 354 S.E.2d at 895–96; *see also Williford v. Downs*, 265 S.C. 319, 321, 218 S.E.2d 242, 243 (1975) ("In equity the parties are not entitled, as a matter of right, to a trial by jury.").

"An order denying a party a jury trial is not immediately appealable unless it deprives him of a mode of trial to which he is entitled as a matter of right." *C & S Real Estate Servs. v. Massengale*, 290 S.C. 299, 300, 350 S.E.2d 191, 192 (1986). In that case, appellant appealed an order denying her a jury trial on all but one of six counterclaims she asserted in a mortgage foreclosure action. *Id.* at 300, 350 S.E.2d at 192. The trial court's order did not deprive her of a mode of trial she was entitled to as a matter of right, since her claims were equitable in nature. *Id.* at 300–01, 350 S.E.2d at 192–93. Therefore, the supreme court granted the motion to dismiss the appeal. *Id.*

In the case at hand, unlike *C & S Real Estate*, no motion to dismiss the appeal was made. However, we noted in *Bunkum v. Manor Properties* "issues relating to subject matter jurisdiction may be raised at any time ... and should be taken notice of by this court on our own motion." 321 S.C. 95, 99–100, 467 S.E.2d 758, 761 (Ct.App.1996). "Where an order is interlocutory, and thus not appealable, the notice of intent to appeal does not transfer jurisdiction to the [appel-

late] [c]ourt . . ." *South Carolina Pub. Serv. Auth. v. Arnold,* 287 S.C. 584, 586, 340 S.E.2d 535, 536 (1986).

The remedies sought by Brown are clearly equitable in nature. He sought rescission of the contract between Kinlaw's wife and the school district, and restitution by her of any compensation she had already received. Further, he sought "[o]ther equitable relief the Court deems proper" and stated in response to the school district's interrogatories, "This is an action in equity." The trial court concluded Brown's case was "purely an equitable action." There is no right to a jury trial for equitable remedies such as rescission and restitution. *Johnson,* 292 S.C. at 53, 354 S.E.2d at 895–96 (stating rescission is an equitable remedy for which there is no right to a jury trial); *see also Wallace v. Milliken & Co.,* 305 S.C. 118, 120, 406 S.E.2d 358, 359 (1991) (stating lost wages are deemed restitution, an equitable remedy). The trial court properly granted the motion to transfer the case to the non-jury roster.

**APPEAL DISMISSED.**

GOOLSBY, ANDERSON, and STILWELL, JJ., concur.