THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michael David
 Coffey, Appellant,
 
 
 

v.

 
 
 
 Lisa A. Webb
 n/k/a Lisa Strid, Respondent.
 
 
 

Appeal From Greenville County
Alex Kinlaw, Jr., Family Court Judge
Robert N. Jenkins, Sr., Family Court
Judge

Unpublished Opinion No.  2011-UP-536  
 Submitted November 1, 2011  Filed December
5, 2011

DISMISSED IN PART AND AFFIRMED IN PART

 
 
 
 Michael D. Coffey, of Greenville, pro se.
 James D. Calmes, III, of Greenville, for
 Respondent.
 Don J. Stevenson, of Greenville, for
 Guardian ad Litem.
 
 
 

PER CURIAM:  Michael David Coffey (Father) appeals
 from two separate family court orders.  First, Father appeals the family
 court's pre-trial order setting a date certain for the hearing on Father's
 complaint for change of custody, arguing the family court nullified its jurisdiction
 by committing fraud.  Second, Father appeals the family court's final order
 dismissing his complaint for change of custody, arguing the family court did
 not have subject matter jurisdiction due to his pending appeal of the pre-trial
 order.  We dismiss[1] Father's appeal of the pre-trial order and affirm the family court's final
 order pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to Father's
 appeal of the pre-trial order:  Tatnall v. Gardner, 350 S.C. 135, 138,
 564 S.E.2d 377, 379 (Ct. App. 2002) (explaining an order which does not put a
 final end to the case, establish any principle which will finally affect the
 merits of the case, or deprive a party of any benefit which he may have at a final
 hearing is not appealable); Shields v. Martin Marietta Corp., 303 S.C.
 469, 470, 402 S.E.2d 482, 483 (1991) (explaining an order restoring a case to
 the active docket is not directly appealable).
2.  As to
 whether the family court had subject matter jurisdiction to dismiss Father's
 complaint:  Brown v. Greenwood Sch.
 Dist. 50 Bd. of Tr., 344 S.C. 522,
 524-25, 544 S.E.2d 642, 643 (Ct. App. 2001) ("Where an order is
 interlocutory, and thus not appealable, the notice of intent to appeal does not
 transfer jurisdiction to the appellate court.").
DISMISSED IN
 PART AND AFFIRMED IN PART.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.