**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Plantation Federal Bank as successor in interest to First Savers Bank, Respondent,

v.

J. Charles Gray and Waterford Ridge Owners Association, Inc., Defendants,

Of whom, J. Charles Gray is the Appellant.

Appellate Case No. 2010-173846

---

Appeal From Oconee County
Ellis B. Drew, Jr., Master-in-Equity

---

Unpublished Opinion No. 2013-UP-064
Heard November 1, 2012 – Filed January 30, 2013

---

**REVERSED AND REMANDED**

---

Charles R. Griffin, Jr., of Anderson, for Appellant.

Bradley Keith Richardson, of Anderson, for Respondent.

---

**PER CURIAM:** Charles Gray appeals the master-in-equity's ruling ordering separate trials on Plantation Federal Bank's (Bank) foreclosure action and his

compulsory legal counterclaims.  Gray argues the master erred in allowing Bank to proceed with its foreclosure action before his compulsory legal counterclaims were adjudicated.  We agree and reverse pursuant to Rule 220(b), SCACR, and the following authorities:  *Johnson v. S.C. Nat'l Bank*, 292 S.C. 51, 54, 354 S.E.2d 895, 896 (1987) (holding that when a defendant in an equitable action asserts a compulsory counterclaim that alleges actions at law, both the plaintiff and the defendant have a right to have a jury trial on the issues raised by the compulsory legal counterclaim); *id.* at 56, 354 S.E.2d at 897 (stating that if there are factual issues common to both the legal and equitable claims, the legal claim, "absent the most imperative circumstances," must be tried, that is, disposed of, first); *Plantation Fed. Bank v. Gray*, Op. No. 5075 (S.C. Ct. App. filed Jan. 30, 2013) (Shearouse Adv. Sh. No. 5 at 51) (holding the master-in-equity erred in ordering separate trials on a bank's foreclosure action and the defendant's compulsory legal counterclaims because the master's order allowed the foreclosure action to be decided prior to a jury trial on the compulsory legal counterclaims).  We remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**