**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elinor Cohen, Respondent,

v.

Tripp Creech d/b/a Atlantic Lawn Service, Inc.,
Appellant.

Appellate Case No. 2012-207028

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-091
Heard February 12, 2013 – Filed February 27, 2013

———————

**VACATED AND DISMISSED**

———————

Ellis R. Lesemann, of Harvey & Vallini, LLC, of Mount
Pleasant, for Appellant.

Daniel M. Bradley and Brent B. Greenberg, both of
Daniel M. Bradley Law Firm, LLC, of Mount Pleasant,
for Respondent.

———————

**PER CURIAM:** Appellant Tripp Creech d/b/a Atlantic Lawn Service, Inc.
(Atlantic Lawn) appeals the circuit court's order affirming the magistrate's decision

to deny Atlantic Lawn's motions for a new trial and to amend its answer. We vacate and dismiss.

On May 1, 2008, Atlantic Lawn entered into a contract with Elinor Cohen to deliver and install sod in Cohen's front lawn. Subsequently, on November 29, 2010, Cohen filed a complaint, requesting judgment for the full contract amount with Atlantic Lawn and for damages to her outdoor lighting system. Atlantic Lawn filed an answer on January 5, 2011, admitting its liability but disputing the alleged damages. Atlantic Lawn did not appear for the scheduled trial on February 9, 2011; therefore, the magistrate ruled in favor of Cohen and awarded her damages of $7,217.97.

On March 25, 2011, Atlantic Lawn filed a motion for a new trial on the ground that the parties reached a verbal settlement agreement before the court date. Given that Atlantic Lawn admitted liability in its answer, the magistrate denied Atlantic Lawn's motion for a new trial as to the issue of liability. However, the magistrate vacated the judgment of damages and granted the new trial motion to determine only the issue of damages. Subsequently, Atlantic Lawn filed a motion to amend the answer, so that it could: (1) request a jury trial; (2) deny liability for the claims and damages asserted by Cohen; and (3) assert the affirmative defense of settlement, payment, and accord and satisfaction. The magistrate denied Atlantic Lawn's motion.

A damages hearing was held on May 9, 2011. The next day Atlantic Lawn filed an appeal with the circuit court. Consequently, the magistrate did not enter any judgment of damages. The circuit court affirmed the magistrate's ruling on Atlantic Lawn's motion to amend and for a new trial. This appeal followed.

South Carolina Magistrate's Court Rule 13(c) provides, "If either party wants a jury trial, it must be requested in writing at least five (5) working days prior to the original date set for trial." In this instance, Atlantic Lawn did not request a jury trial until over two months after the required deadline. Because Atlantic Lawn failed to timely request a jury trial, it waived its right to a jury trial. *See* Rule 38(d), SCRCP (stating a party's failure to demand a jury trial as required by the rule constitutes a waiver of the right to a jury trial); *C&S Real Estate Servs. v. Massengale*, 290 S.C. 299, 300, 350 S.E.2d 191, 192 (1986) (stating "[a]n order denying a party a jury trial is not immediately appealable unless it deprives him of a mode of trial to which he is entitled as a matter of right").

We find the order denying Atlantic Lawn's motion to amend its answer so that it could request a jury trial is not immediately appealable. Accordingly, we vacate the circuit court's order affirming the magistrate's decision to deny Atlantic Lawn's motions for a new trial and to amend its answer, dismiss this appeal, and remand to the magistrate for a determination of damages.

**VACATED AND DISMISSED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**