**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of America, N.A., Respondent,

v.

Frank Cook a/k/a Frank W. Cook, Judith H. Cook, and Ian Blake, Defendants,

Of whom Frank Cook and Judith H. Cook are the Appellants.

Appellate Case No. 2013-002065

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2015-UP-253
Submitted March 1, 2015 – Filed May 13, 2015

**AFFIRMED**

Dwayne Marvin Green, of Charleston, for Appellants.

Sean Matthew Foerster, of Rogers Townsend & Thomas, PC, of Columbia; Michael Wallace Smith, of Baker Donelson Bearman Caldwell & Berkowitz, PC, of Orlando, FL; and Teresa DeToma Van Vlake and Henry

Guyton Murrell, of Korn Law Firm, of Columbia, for Respondent.

---

**PER CURIAM:**  Frank Cook and Judith H. Cook appeal the master-in-equity's order granting summary judgment in favor of Bank of America, N.A., arguing (1) the master-in-equity improperly retained jurisdiction over the case after they demanded a jury trial in their amended answer and (2) they were entitled to a jury trial after making a demand in their amended answer.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the master improperly retained jurisdiction over the case:  Rule 53(b), SCRCP (stating foreclosure actions may be referred to the master-in-equity by order of a circuit judge or the clerk of court).

2. As to whether Frank Cook and Judith H. Cook were entitled to a jury trial after making a demand in their amended answer:  Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.");  *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Gardner v. Travis*, 316 S.C. 315, 317, 450 S.E.2d 54, 56 (Ct. App. 1994) ("Because a foreclosure action is an action in equity, a party has no right to a jury trial of the issues raised in a foreclosure action."); *id.* at 318, 450 S.E.2d at 56 (stating the plaintiff and defendant in an equitable action have a right to a jury trial on the issues raised in a compulsory counterclaim alleging an action at law); Rule 38(b), SCRCP ("Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party."); Rule 38(d) ("The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury.").

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.