**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, Respondent,

v.

D. Randolph Whitt; and Pearce W. Fleming, Defendants,

Of whom D. Randolph Whitt is the Appellant.

Appellate Case No. 2017-002608

———————

Appeal From Lexington County
Lisa Lee Smith, Special Referee

———————

Unpublished Opinion No. 2020-UP-132
Submitted March 1, 2020 – Filed May 6, 2020

———————

**APPEAL DISMISSED**

———————

David Randolph Whitt, of Fleming & Whitt, PA, of West Columbia, for Appellant.

Magalie Arcure Creech, of Finkel Law Firm LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** D. Randolph Whitt appeals the special referee's denial of his motion to transfer the foreclosure action brought against him by the Federal National Mortgage Association (Fannie Mae) to the jury trial roster. On appeal, Whitt argues (1) the special referee erred in finding the circuit court's order of reference was a final and appealable order, and (2) the special referee erred in finding Whitt did not have a right to a jury trial. We hold Whitt was not entitled to a trial by jury because his counterclaims raised in response to Fannie Mae's foreclosure action were legal and permissive. *See Johnson v. S.C. Nat'l Bank*, 292 S.C. 51, 55, 354 S.E.2d 895, 897 (1987) ("If [a] complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial."). Because Whitt waived his right to a jury trial by asserting permissive legal counterclaims, a jury trial is not a mode of trial to which he was entitled. Accordingly, the order denying him a trial of his counterclaims by a jury is not immediately appealable to this court. *See C & S Real Estate Servs., Inc. v. Massengale*, 290 S.C. 299, 300, 350 S.E.2d 191, 192 (1986) ("An order denying a party a jury trial is not immediately appealable unless it deprives him of *a mode of trial to which he is entitled as a matter of right*." (emphasis added)). Therefore, this court lacks jurisdiction to hear Whitt's appeal.

**APPEAL DISMISSED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.