**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carrington Mortgage Services, LLC, Respondent,

v.

Paul R. Watson, Appellant.

Appellate Case No. 2019-000719

---

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-232
Submitted June 1, 2021 – Filed June 23, 2021

---

**APPEAL DISMISSED**

---

Andrew Sims Radeker, of Harrison, Radeker & Smith, P.A., of Columbia, for Appellant.

Peter M. Balthazor, of Riley Pope & Laney, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Paul R. Watson appeals the circuit court's order granting Carrington Mortgage Services, LLC's (Carrington's) motion to strike his request for a jury trial. Because Watson asserted only permissive counterclaims in his answer, he was not entitled to a jury trial, and the underlying order is not immediately appealable. *See C & S Real Estate Servs., Inc. v. Massengale*, 290

S.C. 299, 300, 350 S.E.2d 191, 192 (1986), *holding modified by Johnson v. S.C. Nat'l Bank*, 292 S.C. 51, 354 S.E.2d 895 (1987) ("An order denying a party a jury trial is not immediately appealable unless it deprives him of a mode of trial to which he is entitled as a matter of right."); *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) ("If the complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial."); *id.* at 330 n.7, 755 S.E.2d at 442 n.7 (holding that in a foreclosure action, "[i]f the defendant's prevailing on his counterclaim would affect the bank's right to enforce the note and foreclose the mortgage, there is a logical relationship between the counterclaim and the underlying suit, and the counterclaim is therefore compulsory"). Watson asserted affirmative defenses of breach of contract and unclean hands and five counterclaims—breach of contract, trespass, forcible entry and detainer, violation of the South Carolina Unfair Trade Practices Act, and interference with a contract and prospective contract—all arising out of Carrington's entering and securing the property after Watson ceased his mortgage payments. Because Watson's potential success on these counterclaims would not affect Carrington's right to enforce the note and foreclose the mortgage, we find each of Watson's counterclaims was permissive; therefore, the circuit court's order did not deprive him of a mode of trial to which he was entitled.[1]

**APPEAL DISMISSED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] Although Watson argues his counterclaims, if successful, would also guarantee the success of his affirmative defenses, thereby defeating Carrington's claims, we find the affirmative defenses, if successful, would similarly have no effect on Carrington's ability to enforce the note or foreclose the mortgage.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.