**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

United States of America, Respondent,

v.

Edgar Payton; Willie Payton; Hattie Payton; F. Hamilton Dicks, III; the United States of America, acting through the Small Business Administration, successors in interest to Still & Williams, Inc.; SC Electric & Gas Co.; and David Payton, Defendants,

Of whom Edgar Payton is the Appellant.

Appellate Case No. 2019-001678

Appeal From Barnwell County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2023-UP-196
Submitted October 1, 2022 – Filed May 24, 2023

**AFFIRMED**

Daniel Webster Williams, of Bedingfield & Williams, of Barnwell, for Appellant.

Walker H. Willcox and Katherine McLean Ryan, both of Willcox Buyck & Williams, PA, of Florence, for Respondent.

**PER CURIAM:**  In this foreclosure action, Edgar Payton appeals an order of the circuit court, arguing the circuit court erred by (1) striking his demand for a jury trial, (2) striking his codefendants' demand for a jury trial, and (3) finding his statute of limitations defense was not applicable to actions brought by the United States of America.  We affirm.

1.  We find Payton's counterclaim for discrimination was permissive because it did not arise out of the same transaction or occurrence as the USA's foreclosure action, and the USA's right to enforce the notes and foreclose on the mortgages would not be affected even if Payton's counterclaim were successful.  Thus, we hold the circuit court did not err by striking Payton's demand for a jury trial.  *See Carolina First Bank v. BADD, LLC*, 414 S.C. 289, 292, 778 S.E.2d 106, 108 (2015) ("Whether a party is entitled to a jury trial is a question of law, which [an appellate court] reviews de novo . . . ."); *Johnson v. S.C. Nat'l Bank*, 292 S.C. 51, 56, 354 S.E.2d 895, 897 (1987) (providing a defendant in a foreclosure action is entitled to a jury trial only if his counterclaim is legal and compulsory); *C & S Real Est. Servs., Inc. v. Massengale*, 290 S.C. 299, 301, 350 S.E.2d 191, 193 (1986) (stating a counterclaim is permissive when it does not arise out of the same transaction or occurrence as the plaintiff's claim), *modified by Johnson*, 292 S.C. at 55-56, 354 S.E.2d at 897; *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 330 n.7, 755 S.E.2d 437, 442 n.7 (2014) (stating a counterclaim is compulsory only "[i]f the defendant's prevailing on his counterclaim would affect the [lender]'s right to enforce the note and foreclose the mortgage").

2.  We find Payton lacks standing to appeal the circuit court's striking of his codefendants' demands for a jury trial.  *See Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct. App. 1998) ("A threshold inquiry for any court is a determination of justiciability, *i.e.,* whether the litigation presents an active case or controversy."); *id.* at 415-16, 498 S.E.2d at 906 ("No justiciable controversy is presented unless the [appellant] has standing to maintain the action." (quoting *Brock v. Bennett*, 313 S.C. 513, 519, 443 S.E.2d 409, 413 (Ct. App. 1994))); Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."); *Shaw v. City of Charleston*, 351 S.C. 32, 36, 567 S.E.2d 530, 532 (Ct. App. 2002) ("[A] party is aggrieved by a judgment . . . when it operates on [the party's] rights of property or bears directly on his or her interest." (quoting *Beaufort Realty Co., Inc. v. Beaufort County.*, 346 S.C. 298, 301, 551 S.E.2d 588, 589 (Ct. App. 2001))); *id.* ("The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right, or the

imposition on a party of a burden or obligation." (quoting *Beaufort Realty Co.*, 346 S.C. at 301, 551 S.E.2d at 589)).

3.  We find the circuit court did not err by ruling Payton's statute of limitations defense was not applicable to the USA's foreclosure action because Payton argued the merits of his statute of limitations defense to the circuit court without objection. *See Salvo v. Hewitt, Coleman & Assocs., Inc.*, 274 S.C. 34, 39, 260 S.E.2d 708, 711 (1979) (holding the circuit court did not err by issuing an order that exceeded the defendant's notice of motion because the appellant "fully argued the issues without objection at the hearing").

**AFFIRMED.**[1]

**GEATHERS and MCDONALD, JJ., and HILL, A.J. concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.