### 22863

ENERGY RESEARCH FOUNDATION; The League of Women Voters of South Carolina, Inc.; South Carolina Wildlife Federation; Sierra Club; Common Cause/South Carolina; and Charleston Natural History Society, Respondents v. James M. WADDELL, Jr., individually, as a member and Chairman of the South Carolina Coastal Council, and as Chairman of the South Carolina Senate Fish, Game and Forestry Committee; John C. Hayes, III, R. Linwood Altman, and H. E. Pearce, Jr., individually, as members of South Carolina Coastal Council and as members of the South Carolina General Assembly, Appellants.

(367 S. E. (2d) 419)

Supreme Court

*W. Hogan Brown, Michael N. Couick, Robert E. Kneece, Jr.,* and *John D. Geathers, Samuel H. Carter, Helen T. McFadden, Carolyn M. Adams, Susan O. McNamee,* Columbia, *for appellants.*

*James S. Chandler Jr.,* Columbia, *for respondents.*

Submitted March 22, 1988.

Decided April 25, 1988.

GREGORY, Chief Justice:

Respondents commenced this action challenging the validity of S. C. Code Ann. § 48-39-40 (1987) insofar as it provides that four legislators serve ex officio on the eighteen-member South Carolina Coastal Council. Respondents alleged violations of the dual office holding and separation of powers provisions of the state constitution. S. C. Const. art. III, § 24; art. I, § 8. Appellants moved to dismiss the action for lack of

standing. Rule 12(b)(1), (SCRCP). This appeal is from the trial judge's denial of appellants' motion. We reverse.

Respondents' complaint alleges they are "non-profit public interest organizations devoted to the promotion of good government and the wise use and conservation of natural resources." They allege their members "use and enjoy the natural resources of the coastal zone of South Carolina which are affected by decisions of the South Carolina Coastal Council." Appellants contend these allegations are not sufficient to establish respondents' standing to maintain this action. We agree.

The constitutionality of legislation may not be attacked by one who fails to show in his complaint that he has some personal interest other than that shared in common with other members of the public. *Culbertson v. Blatt*, 194 S. C. 105, 9 S. E. (2d) 218 (1940). A plaintiff must allege an actual controversy in which he has a personal stake. *Toussaint v. State Board of Medical Examiners*, 285 S. C. 266, 329 S. E. (2d) 433 (1985). In cases challenging the composition of administrative agencies, this Court has found standing where the plaintiff was subject to the agency's disciplinary authority, *Toussaint, supra*, or was required to petition the agency for licensure, *Gold v. State Board of Chiropractic Examiners*, 271 S. C. 74, 245 S. E. (2d) 117 (1978). Respondents have alleged no such personal stake in the outcome of the litigation here.

In *Sierra Club v. Morton*, 405 U. S. 727, 92 S. Ct. 1361, 31 L. Ed. (2d) 636 (1972), a case concerning allegations of injury to the environment, the United States Supreme Court held an organization has standing only if it alleges that it or its members will suffer an individualized injury; a mere interest in a problem is not enough. *See also United States v. SCRAP*, 412 U. S. 669, 93 S. Ct. 2405, 37 L. Ed. (2d) 254 (1973) (environmental group standing where complaint alleged increase in freight rates would discourage use of recycled goods); *Conservation Council of North Carolina v. Costanzo*, 505 F. (2d) 498 (4th Cir. 1974) (following *Sierra, supra*, finding no standing of licensee alleging environmental injury to another's land).

Because respondents have alleged no individualized injury, we hold they have no standing to maintain this suit.

The trial judge erred in denying appellants' motion to dismiss on this ground.

We need not address appellants' remaining exceptions. The order of the circuit court is

Reversed.

HARWELL, CHANDLER and FINNEY, JJ., and Acting Associate Justice J. B. NESS, concur.