22897

SOUTH CAROLINA WILDLIFE FEDERATION, Sierra Club and the League of Women Voters of Georgetown County, Appellants v. SOUTH CAROLINA COASTAL COUNCIL, and Litchfield-By-The-Sea, Respondents.

(371 S. E. (2d) 521)

Supreme Court

*James S. Chandler, Jr.,* of *Chandler & Andrews,* Columbia, *for appellants.*

*Ellison D. Smith, IV*, and *E. Jeannette Heyward*, both of *Smith and Bundy*, Charleston, *for respondent South Carolina Coastal Council.*

*Charles T. Smith*, of the *McNair Law Firm*, Georgetown, *for respondent Litchfield-By-The-Sea.*

*W. Hogan Brown, Michael N. Couick, David M. Barden* and *John D. Geathers*, Columbia, *for Senators John C. Hayes, III*, and *Herbert U. Fielding, amicus curiae.*

*Samuel H. Carter, Carolyn M. Adams* and *Susan O. McNamee*, Columbia, and *Helen T. McFadden*, Florence, *for Representatives H.E. Pearce, Jr.*, and *R. Linwood Altman, amicus curiea.*

Heard June 7, 1988.

Decided Aug. 8, 1988.

GREGORY, Chief Justice:

Appellants commenced this action to contest the validity of a certification by respondent Coastal Council for a residential development project proposed by respondent Litchfield-By-The-Sea. The circuit court found the certification valid. We reverse.

Litchfield's project involves dredging a canal through freshwater wetlands in order to create waterfront residential lots and provide access to the Waccamaw River. As provided by S. C. Code Ann. § 48-39-80 (1987), the Coastal Council must first certify that such a project does not contravene its Coastal Management Program before a federal permit will be issued.

Appellants' complaint challenged the Coastal Council's certification on evidentiary grounds and alleged violations of the Administrative Procedures Act (APA). By order dated August 29, 1986, Judge Richter ordered all causes of action relating to the APA stricken as inapplicable. He ruled that a writ of certiorari was the appropriate means to obtain review by the circuit court. This order was appealed. The appeal was subsequently dismissed by order of this Court for failure to timely appeal.

In April 1987, Judge Hearn heard the case on review by writ of certiorari. She found the Coastal Council's certification

was supported by the evidence and held it was valid. This appeal followed.

First, appellants contend the applicable evidentiary standard of review is that for an action brought in the circuit court pursuant to the APA rather than by writ of certiorari. *Compare Lark v. Bi-Lo Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981) (scope of review under APA is whether there is substantial evidence to support agency decision) *with Board of Examiners in Optometry v. Cohen*, 256 S. C. 13, 180 S. E. (2d) 650 (1971) (scope of review for case arising on writ of certiorari is whether there is any evidence to support agency decision). We need not address this issue because we find no evidence to support the Coastal Council's certification.

The Coastal Council's certification is based on its determination that the proposed project is consistent with the policies of the Coastal Management Program. The relevant policies in the Program are those concerning residential development and dredging. These policies provide:

1) *Residential development* which would require ... permanent alteration ... of freshwater wetlands will be prohibited unless no feasible alternatives exists *or* an overriding public interest can be demonstrated, *and* any substantial environmental damage can be minimized;

2) *Dredging* for establishment of new canals which involves permanent alteration of valuable wetlands habitats will be prohibited unless no feasible alternative exists *or* an overwhelming public interest can be demonstrated. Establishment of canals for purposes of creating waterfront lots from inland property especially where dead-end canals would result, will be *prohibited unless* it can be demonstrated that there will be no significant environmental impact. (Emphasis added).

In summary, the evidence must demonstrate: (1) no feasible alternatives *or* an overriding public interest; *and* (2) minimization of environmental damage *and* (3) no significant environmental impact. First, there is no evidence indicating the absence of feasible alternative sites to the proposed project. Second, although respondent Litchfield repeatedly amended its proposal to attempt minimization of

environmental damage, there is no evidence to support the conclusion the project will be without significant environmental impact. Finally, the record is devoid of any evidence of an overriding public interest in the permanent alteration of these wetlands.

To support certification, Litchfield submitted an expert report that projects speculative economic benefit to the public in the form of new jobs and tax revenue if the project is completed. Respondents rely on this evidence to show an overriding public interest. This evidence of purely economic benefit, however, does not support the stated purpose of the Coastal Management Program to protect, restore, or enhance the resources of the State's coastal zone for present and succeeding generations. This public interest must counterbalance the goal of economic improvement. *See* S. C. Code Ann. § 48-39-30(B)(1) and (2) (1987). We hold evidence of purely economic benefit is insufficient as a matter of law to establish an overriding public interest. The circuit court erred in finding the Coastal Council's certification valid in the absence of evidence supporting the required factors.

Respondents contend as an additional sustaining ground that the appellants have no standing to maintain this action. We reject this contention. Appellants have alleged an individual injury in the adverse effect of a specific decision of the Coastal Council on their members' use and enjoyment of the fish and wildlife of the wetlands. *See Energy Research Foundation v. Waddell*, 295 S. C. 100, 367 S. E. (2d) 419 (1988). These allegations are sufficient to show standing.

We need not address appellants' remaining exceptions. Accordingly, the judgment of the circuit court is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.