In re SIERRA CLUB; In re Energy Research Foundation; In re Citizens For Clean Air and Water; In re Environmentalists, Incorporated; In re Citizens Asking for a Safe Environment, Incorporated (case), Appellants.

HAZARDOUS WASTE TREATMENT COUNCIL, on behalf of itself and its members, Plaintiff–Appellee,

v.

STATE of SOUTH CAROLINA; Carroll A. Campbell, Jr., Governor of the State of South Carolina; Commissioner, South Carolina Department of Health and Environmental Control; South Carolina Department of Health and Environmental Control; South Carolina Board of Health and Environmental Control, Defendants–Appellees.

In re SIERRA CLUB; In re Energy Research Foundation; In re Citizens for Clean Air and Water; In re Environmentalists, Incorporated, Appellants.

THERMALKEM, INCORPORATED, Plaintiff–Appellee,

v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL; South Carolina Board of Health and Environmental Control; Michael D. Jarrett; Henry S. Jordan; John B. Pate; William E. Applegate, III; Toney Graham, Jr.; John H. Burriss; Richard E. Jabbour; Currie B. Spivey; Harry M. Hallman, Jr., current and former members of the South Carolina Board of Health and Environmental Control, Defendants.

Nos. 91–2331, 91–2334.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1991.

Decided Sept. 20, 1991.

James S. Chandler, Jr., South Carolina Environmental Law Project, Pawleys Island, S.C., argued (Robert Guild, Columbia, S.C., on brief) for appellants.

Matthew D. Slater, Cleary, Gottlieb, Steen & Hamilton, Washington, D.C., argued (Charles F. Lettow, Washington, D.C., T. Travis Medlock, South Carolina Atty. Gen., Edwin E. Evans, Chief Deputy Atty. Gen., James Patrick Hudson, Deputy Atty. Gen., Kenneth P. Woodington, Sr. Asst. Atty. Gen., Treva G. Ashworth, Sr. Asst. Atty. Gen., Mark R. Elam, Sr. Legal Counsel, Office of the Governor, Walton J. McLeod, III, Gen. Counsel, Jacquelyn S. Dickman, Asst. Gen. Counsel, and Samuel L. Finklea, III, Staff Counsel, Columbia, S.C., on brief) for defendants-appellees.

Stuart Henry Newberger, Crowell & Moring, Washington, D.C., Richard H. Willis, Nelson, Mullins, Riley & Scarborough, Columbia, S.C., argued (Ridgeway M. Hall, Jr., Clifton S. Elgarten, Melissa J. McKenney, Washington, D.C., Jeter E. Rhodes, Jr., Whaley, McCutchen, Blanton & Rhodes, Columbia, S.C., David Case, Gen. Counsel, Hazardous Waste Treatment Council, Washington, D.C., Karen A. Crawford, Columbia, S.C., Angus Macbeth, Doris K. Nagel, Sidley & Austin, Washington, D.C., on brief) for plaintiffs-appellees.

Before MURNAGHAN and SPROUSE, Circuit Judges, and MURRAY, Senior District Judge for the District of Maryland, sitting by designation.

OPINION

MURNAGHAN, Circuit Judge:

Sierra Club, Energy Research Foundation, Citizens for Clean Air and Water, Environmentalists, Inc., and Citizens Asking for a Safe Environment, Inc. ("CASE"), (collectively "Sierra Club") appeal from a district court order denying motions to intervene in two other cases—1) *Hazardous Waste Treatment Council v. South Carolina* and 2) *ThermalKEM, Inc. v. South Carolina Dep't of Health and Environmental Control*—and from the district court's memorandum opinion and order issued in *Hazardous Waste Treatment Council.*[1] Because of our disposition of South Carolina's appeal in *Hazardous Waste Treatment Council,* contemporaneously filed herewith, 945 F.2d 781, we consider only the intervention motions.

## I.

In both cases in which Sierra Club has sought to intervene, the plaintiffs have challenged South Carolina Department of Health and Environmental Control ("DHEC") Regulation 61–99. Regulation 61–99 requires applicants to demonstrate in-state need before obtaining a permit for a new or expanded facility in South Carolina for the treatment, storage, or disposal of hazardous waste.

Regulation 61–99 is at issue in state administrative permit proceedings involving two members of Hazardous Waste Treatment Council ("HWTC"): ThermalKEM, Inc. and a subsidiary of Laidlaw Environmental Services, Inc. ("Laidlaw"), GSX of South Carolina. ThermalKEM owns and operates a hazardous waste incinerator in Rockhill, South Carolina. GSX owns a hazardous waste landfill near Pinewood, South Carolina.[2] Because the facilities were operating before federal and state permitting

---

1. *Hazardous Waste Treatment Council* and *ThermalKEM* were No. CA–901402–3–0 in the United States District Court for the District of South Carolina. The appeal from the district court's memorandum and order is No. 91–2317 in this court.

2. Laidlaw also owns, through a subsidiary, Thermal Oxidation Corporation, an incinerator in Roebuck, South Carolina. These three facilities are the only existing South Carolina hazardous waste facilities.

regulations were implemented in the late 1970s, they have operated under "interim status" permitting provisions. State and federal laws, however, require additional applications for "Part B" permits, for which ThermalKEM and GSX applied. ThermalKEM applied for a second incinerator permit and a permit for its existing facility. GSX applied for permits for its existing landfill and proposed new facilities. Several of the groups seeking to intervene as "Sierra Club" are parties to the two administrative proceedings.[3]

DHEC granted the Part B permit for ThermalKEM's existing incinerator in 1988. The permit decision will be contested by Citizens for Clear Air and Water and Environmentalists, Inc. in a yet to be held DHEC adjudicatory proceeding. DHEC deferred decision on the second ThermalKEM incinerator. However, in 1989, ThermalKEM obtained a state court decision that found an emergency version of Regulation 61–99 invalid and ordered DHEC to issue a permit decision. While an appeal from the decision by DHEC and Sierra Club, who had been allowed to intervene, was pending in the South Carolina Supreme Court, DHEC denied the permit.[4] ThermalKEM appealed the denial through administrative proceedings in which many of the groups attempting to intervene today intervened.

On April 9, 1990, a hearing officer consolidated the administrative proceedings on DHEC's decisions on ThermalKEM's applications for the existing and proposed incinerator. The hearing officer denied a motion to dismiss the environmental groups.[5]

A month later, ThermalKEM filed suit against the South Carolina DHEC, seeking permanent injunctive relief barring the enforcement of Regulation 61–99 and declaratory relief and damages for alleged violations of constitutional rights caused by the

two year delay in acting upon the federal permit application for the second incinerator.

On June 28, 1990, HWTC brought a suit raising constitutional challenges to Regulation 61–99 under the Commerce Clause, the Supremacy Clause, the Privileges and Immunities Clause and alleging a statutory violation of 42 U.S.C. § 1983. The district court granted a preliminary injunction to HWTC which included enjoining Regulation 61–99.[6] The district court denied South Carolina's motion for abstention. On January 14, 1991, the district court denied Sierra Club's motion to intervene in *Hazardous Waste Treatment Council* without giving any reasons.

That same day, in *ThermalKEM*, the district court judge denied Sierra Club's motion for intervention of right because he concluded that "the proposed applicants ... have the same objective as the present Defendants. While ostensibly for different purposes, both defendants and the applicants for intervention oppose the issuance of a Part B permit for the expansion of ThermalKEM's operations." In a footnote, the judge stated, "The Court recognizes that the proposed intervenors oppose issuance of the Unit # 2 permit on environmental grounds while the Defendants contend they oppose issuance of the permit solely on the ground that South Carolina law prohibits the permit." The judge also found that "intervention would not be in the interest of judicial economy" and that "additional pleadings and briefs" would not be helpful for legal guidance. The judge refused to allow permissive intervention. "Even assuming that the proposed intervenors' defense and the pending action have a question of law or fact in common," the district court judge concluded that "the addition of party-defendants to this action

---

3. In the ThermalKEM proceeding, Sierra Club, Energy Research Foundation Citizens for Clean Air and Water, and Environmentalists, Inc. are parties. In the GSX proceeding, Sierra Club, Energy Research Foundation, Environmentalists Inc., and CASE are parties.

4. Because DHEC denied the permit, the South Carolina Supreme Court dismissed as moot the appeal from the circuit court's order.

5. On March 28, 1990, the environmental groups also were permitted to intervene in administrative proceedings related to GSX's permit applications.

6. We have remanded the preliminary injunction inquiry with respect to Regulation 61–99 in No. 91–2317.

will unjustifiably delay the outcome of the pending proceeding."

## II.

■ We review the denial of a motion for intervention on abuse of discretion grounds. *See Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir.1989), *cert. denied*, 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990).

The Federal Rules of Civil Procedure provide for two types of intervention. First, "Intervention of Right" requires that the district court permit intervention, upon "timely application,"

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). "Permissive Intervention" contemplates intervention upon timely application "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R.Civ.P. 24(b). Rule 24(b) notes that in "exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

■ We first consider the district court's disposition of Sierra Club's motion to intervene in *ThermalKEM.* A party seeking intervention of right must show "interest, impairment of interest, and inadequate representation." *Gould*, 883 F.2d at 284;

*United Guar. Residential Ins. Co. v. Philadelphia Savings Fund Soc'y*, 819 F.2d 473, 474 (4th Cir.1987). The district judge did not base his denial on a finding that Sierra Club did not have an interest in the action. The district court's refusal to rely on the interest prong supports our conclusion that Sierra Club does have an interest in "the transaction which is the subject of the action...." Fed.R.Civ.P. 24(a)(2). Sierra Club is a party to the administrative permitting proceedings where Regulation 61–99 is involved.[7] ThermalKEM's suit arises out of the permit proceedings and the complaint sought to enjoin the defendants "from applying DHEC Regulation R.61–99 to the plaintiff's RCRA Part B permit application or to any other future permitting activity at plaintiff's facility." Moreover, as "a practical matter," enjoining certain sections of Regulation 61–99 in the district court will impede Sierra Club's ability to protect its interest in the administrative proceeding.[8]

■ The district court, however, incorrectly bolstered its denial of intervention of right by referring to concerns of judicial economy and need for guidance. Although those issues have a place in motions for permissive intervention, Rule 24(a) affords them no weight.

■ Thus, whether the district court's denial was an abuse of discretion depends on its decision that South Carolina DHEC could adequately represent Sierra Club's interests. "[T]he application satisfies Rule 24(a)'s third requirement if it is shown that representation of its interest '*may be*' inadequate." *United Guar.*, 819 F.2d at 475 (*quoting Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630,

---

7. In addition, South Carolina permits standing where an environmental group asserts an individualized injury, for example, "the adverse effect of a specific decision ... on their members' use and enjoyment of the fish and wildlife of the wetlands." *See South Carolina Wildlife Federation v. South Carolina Coastal Council*, 296 S.C. 187, 190, 371 S.E.2d 521, 523 (1988).

8. *Keith v. Daley*, 764 F.2d 1265 (7th Cir.1985), *cert. denied, sub nom. Illinois Pro–Life Coalition, Inc. v. Keith*, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985), involving anti-abortion groups who seek to intervene in suits challeng-

ing the constitutionality of statutes regulating abortion, can be distinguished. Sierra Club has been made a party to the permitting process under Regulation 61–99; it is not seeking to intervene merely as a lobbyist or because of a speculative future interest. *Id.* at 1269–72. *Diamond v. Charles*, 476 U.S. 54, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986), addressed a different issue: whether an intervenor party defendant could demonstrate Article III standing if the party on whose side he intervened was no longer a party to the appeal.

636 n. 10, 30 L.Ed.2d 686 (1972)). Although Sierra Club and South Carolina DHEC may share some objectives, South Carolina DHEC is not an adequate representative for Sierra Club.

South Carolina DHEC, in theory, should represent all of the citizens of the state, including the interests of those citizens who also may be HWTC members or proponents of new hazardous waste facilities. DHEC is an agency and should not be adopting a position prior to complete agency review as to the impropriety of hazardous waste facilities. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538–39, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1972) (concluding that "sufficient doubt about the adequacy of representation [existed] to warrant intervention" by a union member where the Secretary of Labor had two distinct, "related, but not identical" duties—to serve union members and to protect the public interest); *United Guar.*, 819 F.2d at 475.

Sierra Club, on the other hand, appears to represent only a subset of citizens concerned with hazardous waste—those who would prefer that few or no new hazardous waste facilities receive permits.[9] Sierra Club does not need to consider the interests of all South Carolina citizens and it does not have an obligation, though DHEC does, to consider its position vis-a-vis the national union. Although the interests of Sierra Club and South Carolina DHEC may converge at the point of arguing that Regulation 61–99 does not violate the Commerce Clause, the interests may diverge at points involving the appropriate disposition of sections of Regulation 61–99 that may not violate the Commerce Clause, the balance of hardships accruing to the parties if part of Regulation 61–99 is enjoined by preliminary injunction, and the public interest factor to be weighed in a preliminary injunction analysis. We conclude that the district court abused its discretion in denying Sierra Club's motion to intervene as a matter of right in *ThermalKEM*.[10]

■ In addition, we find that the district court abused its discretion in denying, without offering any reasons, Sierra Club's motion to intervene in *Hazardous Waste Treatment Council. See United States v. Guglielmi*, 929 F.2d 1001, 1003 (4th Cir. 1991) (discussing earlier remand "to ensure that the district court's disposition of the Rule 35 motion bespoke a clear and unambiguous exercise of discretion").

Admittedly Sierra Club appears to have less interest in *Hazardous Waste Treatment Council* than it does in *ThermalKEM* because the former bears a less direct relation to the administrative proceedings to which Sierra Club is a party. On the other hand, ThermalKEM and GSX are HWTC members. ThermalKEM's suit appears to have been filed before HWTC's suit. And, ThermalKEM apparently already has attempted to use the preliminary injunction in *Hazardous Waste Treatment Council* to its benefit in the administrative proceeding. Although in *ThermalKEM*, as discussed above, Sierra Club has the clear right to intervene, whether Regulation 61–99 is enjoined pursuant to HWTC's suit or pursuant to the suit brought by its member, ThermalKEM, the effect of Sierra Club's interest in the administrative proceedings will be the same.

As in *ThermalKEM*, in *Hazardous Waste Treatment Council*, South Carolina, concerned with the overall constitutionality of various aspects of its hazardous waste program, cannot be an adequate representative of environmental groups concerned with a regulation's use in the permitting process. For example, we would expect Sierra Club to offer a different perspective on the balance of hardships that may be caused by a preliminary injunction of Regulation 61–99, particularly given the fact that Sierra Club is an opposing party in the

---

**9.** Sierra Club and DHEC have already taken opposing positions on ThermalKEM permits. Sierra Club apparently has challenged the DHEC's decision with respect to its issuance of a permit for the existing ThermalKEM facility.

**10.** We would reach the same result under Rule 24(b). The district court's assertions of additional unjustifiable delay if permissive intervention occurred have no apparent support in the record.

administrative proceedings while South Carolina is responsible for conducting the proceedings. However, recognizing that the question of intervention is one initially for the district court, we remand to permit the district court to reconsider Sierra Club's intervention in *Hazardous Waste Treatment Council* (on appeal No. 91–2317).[11]

We vacate the district court's denial of the intervention motions. In *ThermalKEM,* No. 91–2334, we remand with instructions to allow Sierra Club to intervene with respect to Regulation 61–99. In *Hazardous Waste Treatment Council,* No. 91–2331, we remand the motion for intervention.

VACATED AND REMANDED WITH INSTRUCTIONS.

---

**11.** In No. 91–2317, however, we have affirmed the district court's decision not to abstain after consideration of Sierra Club's arguments.