498 S.E.2d 906

Gered LENNON and Bonnie H. Zanetti, Appellants,

v.

SOUTH CAROLINA COASTAL COUNCIL, A State Agency, and Peter B. Fellman and Robert Braden, Respondents.

No. 2812.

Court of Appeals of South Carolina.

Heard March 5, 1998.

Decided March 23, 1998.

Christopher McG. Holmes, Charleston, for appellants.

Mary D. Shahid, of the Office of Ocean & Coastal Resource Management, of Charleston, S.C. Department of Health & Environmental Control; and Ellison D. Smith, IV, Charleston, for respondents.

GOOLSBY, Judge:

Intervenors Gered Lennon and Bonnie Zanetti appeal from the decision of the South Carolina Coastal Council to issue special permits to property owners Peter B. Fellman and Robert Braden for construction on beachfront property. The circuit court upheld the council's decision. We dismiss the appeal for lack of standing.

## FACTS

Peter Fellman and Robert Braden, partners in the real estate business, bought two lots located on Folly Beach for $50,000 in April 1985. Several years later, in December 1993, Braden and Fellman applied to the council pursuant to the South Carolina Beachfront Management Act for special permits to be able to build on their lots. The permitting committee recommended to the council that the permits be denied.

The recommendations to the council were appealed. The council consolidated the appeals and referred them to a hearing officer to conduct an evidentiary hearing and to make factual findings and a recommendation. Gered Lennon, formerly a geologist with the council, acting *pro se*, intervened. The hearing officer recommended that the permits be granted or that the lots' fair market value be paid.

The council, after a hearing, issued its Final Administrative Order granting the permits. Lennon, joined by Bonnie Zanetti, a Braden and Fellman neighbor, then filed a summons and complaint requesting judicial review of the council's decision. The circuit court affirmed. Lennon appeals.

## DISCUSSION

A threshold inquiry for any court is a determination of justiciability, *i.e.*, whether the litigation presents an active case or controversy. "No justiciable controversy is presented unless the plaintiff has standing to maintain the action."

*Brock v. Bennett,* 313 S.C. 513, 519, 443 S.E.2d 409, 413 (Ct.App.1994). "A plaintiff must allege an actual controversy in which he has a personal stake." *Energy Research Found. v. Waddell,* 295 S.C. 100, 102, 367 S.E.2d 419, 420 (1988).

▇ Lennon argues he has standing by virtue of the regulations of the South Carolina Coastal Council and its practice and procedure for contested cases. We disagree. The regulation on contested case process for permitting requires that "[a]ll parties desiring to intervene in the contested case hearing ... comply with" regulations 30–6(O), 30–6(P), 30–6(Q), and 30–6(R). 23A S.C.Code Ann.Regs. 30–6(D) (Supp.1997). Regulation 30–6(P), Grounds for Intervention, requires all who wish to intervene to show, among other things, that they "will be aggrieved or adversely affected by the final order." 23A S.C.Code Ann.Regs. 30–6(P) (Supp.1997).

Lennon's motion to intervene indicated that he was intervening *"on behalf of* four affected parties" and that he represented "Mr. and Mrs. Charles Newmwn [sic], Ms. Bonnie Zanetti,[1] Mr. John Ungaro, and Dr. John Logothetis, each property owners adjacent to the two lots at issue."

Although an organization may represent the interests of its members if its members "have alleged an individual injury in the adverse effect of a specific decision of the Coastal Council," *South Carolina Wildlife Fed'n v. South Carolina Coastal Council,* 296 S.C. 187, 190, 371 S.E.2d 521, 523 (1988); *see also Energy Research Foundation v. Waddell,* 295 S.C. 100, 367 S.E.2d 419 (1988), Lennon is not an organization. In his brief, Lennon describes himself as a *"pro se* litigant," and he cannot obtain standing by alleging he is acting in another's interest if he himself has suffered no individual injury.

Lennon argues that the respondents have waived any standing issue because they have accepted him as a "proper party"

---

1. Zanetti was listed as a plaintiff in the appeal to the circuit court. The circuit court, however, determined Zanetti was not a proper party because she was not granted intervenor status during the administrative hearing. *See* 23A S.C.Code Ann.Regs. 30–6(O) (Supp.1997) (requiring one who wishes to intervene to file a motion with the council for leave to intervene). Neither Lennon nor Zanetti appealed this finding. Any attempt now to do so comes too late. *See Bochette v. Bochette,* 300 S.C. 109, 386 S.E.2d 475 (Ct.App.1989) (holding an appellant may not use the reply brief to argue issues not argued in the initial brief).

throughout the proceedings. He equates the standing issue with real party in interest, citing *Bardoon Properties, NV v. Eidolon Corp.,* 326 S.C. 166, 485 S.E.2d 371 (1997).

In *Bardoon Properties,* the supreme court determined that a party's status as a real party in interest does not involve subject matter jurisdiction so that it may be waived if not timely raised. *Id.* The supreme court noted, however, that "there is a difference between the concepts of 'standing,' 'capacity to sue,' and 'real party in interest.'" *Id.* at 169 n. 3, 485 S.E.2d at 373 n. 3 (citing 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1542, at 328–29 (1990); *Firestone v. Galbreath,* 976 F.2d 279, 283 (6th Cir.1992)). The distinction is important here.

> In the realm of public law, when governmental action is attacked on the ground that it violates private rights ... the courts have tended to rely on the judgemade [sic] doctrine of standing to sue. To the extent that standing in this context is understood to mean that the litigant actually must be injured by the governmental action that he is assailing, then it closely resembles the notion of real party in interest under Rule 17(a), inasmuch as both terms are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits....
>
> However, several other elements of the standing doctrine are clearly unrelated to the rather simple proposition set out in Rule 17(a), and plaintiff must both be the real party in interest and have standing....
>
> One significant context in which the two concepts diverge is when for standing purposes the plaintiff is required to show not only that he has been adversely affected by the governmental conduct that is under attack, but also that he has suffered an injury to a legally protected right....
>
> Another point of departure is that standing acts as an element of the constitutional requirement that there be a "case or controversy"; when thus applied, *it acts as a limitation on the subject matter jurisdiction of the federal courts. In this context, objections to standing, unlike Rule 17(a) objections, cannot be waived and may be raised by a federal court sua sponte.*

6A Charles A. Wright et al., *Federal Practice and Procedure* § 1542 (1990) (emphasis added) (footnotes omitted). South

Carolina courts, like the federal courts, require a justiciable case or controversy before any decision on the merits can be reached. *See Waters v. South Carolina Land Resources Conservation Comm'n*, 321 S.C. 219, 467 S.E.2d 913 (1996); *Crocker v. Barr*, 303 S.C. 1, 397 S.E.2d 665 (Ct.App.1990) (Goolsby, J., concurring), *rev'd on other grounds*, 305 S.C. 406, 409 S.E.2d 368 (1991).

We hold that Lennon does not have standing to challenge the decision of the South Carolina Coastal Council; therefore, we dismiss the appeal.

**DISMISSED.**

HEARN and STILWELL, JJ., concur.