**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas E. Goodson, as Trustee of the Residuary Beneficiaries Trust of the Estate of Margaret S. Goodson and the Estate of Helen S. Goodson, Respondent,

v.

Harriet E. Wilmeth, Debra J. Freeman, Bank of America, N.A., Lumber Yard, Inc., St. Bartholomew's Episcopal Church, Canal Wood, LLC, Alexander C. West, Alexander C. West, Jr., Airport Technologies, LLC, Mutual Savings Bank, State of South Carolina Department of Revenue, United States of America Acting through the Department of Treasury/Internal Revenue Service, Ford Motor Credit Company, LLC, James Gandy, Estate of Amelia H. Anthony, Estate of Betty C. Wiggins, Portfolio Recovery Associ, South Carolina Department of Probabtion, Parole, and Pardon Services, Norwood C. Bizzell, Robert "B.W." Bizzell, William E. Bizzell, Mary Lathan Steele, and Vicki Eaddy, Defendants,

Of whom Debra J. Freeman is the Appellant.

Appellate Case No. 2017-000966

————————

Appeal From Darlington County
Carl A. Saleeby, Special Referee

————————

Unpublished Opinion No. 2019-UP-096
Submitted January 1, 2019 – Filed February 27, 2019

---

**REVERSED AND REMANDED**

---

Kenneth Ray Moss and Brittany Celeste Moore, both of Wright, Worley, Pope, Ekster & Moss, PLLC, of North Myrtle Beach; and Robert E. Lee, of Robert E. Lee, LLC, of Marion; all for Appellant.

James A. Stanton, IV, of Stanton Law Firm, of Hartsville, for Respondent.

---

**PER CURIAM:** Debra J. Freeman appeals a special referee's order denying her motion to dismiss an action filed by Thomas E. Goodson to foreclose two judgment liens against Harriet E. Wilmeth. We reverse and remand.

Freeman and Wilmeth owned the subject property as tenants in common, and Goodson sought foreclosure on Wilmeth's undivided half interest. At the hearing before the special referee, Freeman argued Goodson could no longer execute on the judgments at issue because more than ten years had passed since they were enrolled. *See* S.C. Code Ann. § 15-39-30 (2005) (allowing executions "to issue upon final judgments or decrees . . . within ten years from the date of the original entry" and providing such executions "shall have active energy during such period, without any renewal or renewals"). In response, Goodson argued (1) Freeman lacked standing to request dismissal because the desired foreclosure affected only Wilmeth's interest in the subject property; (2) Freeman's motion was not timely served; and (3) based on South Carolina case law, Goodson's commencement of foreclosure proceedings within the ten-year period after the judgments were entered enabled him to collect on them even though the order granting foreclosure was issued after the ten-year period after their enrollment had passed.

The special referee entered a final order and notice of sale in which he denied Freeman's motion to dismiss, allowed foreclosure of the two liens at issue to proceed, and ordered a public sale of Wilmeth's interest in the subject property. In the final order, the special referee cited *Linda Mc Co. v. Shore*, 390 S.C. 543, 703 S.E.2d 499 (2010), as the sole basis for his decision to deny Freeman's motion to dismiss. This appeal followed.

1.  We first note that Goodson, in his respondent's brief, argues Freeman lacked standing to challenge the foreclosure.  We disagree.  Standing requires an actual controversy in which the complainant has a personal stake.  *Lennon v. S.C. Coastal Council*, 330 S.C. 414, 416, 498 S.E.2d 906, 906 (Ct. App. 1998).  In the present case, the subject property was encumbered by a first-priority mortgage under which the mortgagee was entitled to accelerate the mortgage payments upon any sale or transfer of any interest in the subject property.  There was no indication in the record that the mortgagee waived this right.  Freeman, therefore, had standing to pursue dismissal of Goodson's foreclosure action because she had a personal stake in an actual controversy.

2.  As to the enforceability of the judgments at issue, we reverse the order of the special referee based on the recent decision of *Gordon v. Lancaster*, Op. No. 27847 (S.C. Sup. Ct. filed Nov. 21, 2018) (Shearouse Adv. Sheet No. 46 at 8, 11, 12), in which the Supreme Court of South Carolina overruled *Linda Mc* and announced a "return to the traditional bright-line rule," i.e., "the . . . plain language [of section 15-39-30 that] a creditor has ten years to execute on [a] judgment from the date of entry, a time period that cannot be renewed."  We acknowledge *Gordon* expressly overruled *Linda Mc* only "prospectively, yielding protection only to pending cases that fall within its narrow holding."  *Id.* at 14, n.6.  However, based on the Supreme Court's finding that the judgment creditor in *Gordon* would not be entitled to relief because his situation fell outside the "narrow holding" in *Linda Mc*, we hold the present case likewise does not fall within *Linda Mc*.  Whereas the judgment creditor in *Gordon* filed an action in the circuit court to collect on his judgment at least one year before the judgment expired, Goodson commenced foreclosure proceedings less than three months before the judgments at issue expired.  *See id.* (holding the decision in *Gordon* "affords no relief to Gordon because he cannot fall within the very limited exception to the ten-year rule articulated in *Linda Mc*[,] where the hearing was held prior to expiration of the judgment, and the only thing needed to conclude the case was issuance of the order").

3.  Finally, we acknowledge the foreclosure involved other liens besides those at issue in this appeal.  Some of these liens, including an additional lien that Goodson sought to enforce, may still have "active energy" pursuant to section 15-39-30 of the South Carolina Code (2005).  Based on what we understand from our review of the record on appeal, the special referee still has jurisdiction over the foreclosure sale insofar as it concerns those claims that are still enforceable.  *See* Rule 205, SCACR (stating that nothing in the South Carolina Appellate Court Rules "shall prohibit the lower, commission or tribunal from proceedings with matters not affected by the appeal"); Rule 241, SCACR ("The lower court or administrative

tribunal retains jurisdiction over matters not affected by the appeal including the authority to enforce any matters not stayed by the appeal.").  Therefore, pursuant to Rule 220(a), SCACR, which authorizes the appellate court to "remand all or any issues for further proceedings," we remand this action to the special referee for (1) identification of the liens that are still enforceable against Wilmeth, (2) a redetermination of the order of priority of these liens, and (3) the scheduling of a new foreclosure sale based on these findings.

**REVERSED AND REMANDED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.