**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephen G. Brock, Appellant,

v.

Town of Mount Pleasant, Respondent.

Appellate Case No. 2018-000332

———————————

Appeal From Charleston County
J.C. Nicholson, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-051
Submitted February 1, 2021 – Filed February 24, 2021

———————————

**AFFIRMED**

———————————

Stephen G. Brock, of Mount Pleasant, pro se.

Julia Parker Copeland, of Hinchey Murray & Pagliarini, LLC, and Timothy Alan Domin, of Clawson and Staubes, both of Charleston, for Respondent.

———————————

**PER CURIAM:** Stephen G. Brock appeals the circuit court's grant of summary judgment under Rule 56(c), SCRCP, to the Town of Mount Pleasant (Mount Pleasant). On appeal, Brock argues Mount Pleasant failed to follow its own ordinances and rules of order when enacting an amendment to its zoning code and land development regulations, provided deficient public notice of a public hearing

for the amendments, and improperly discussed amendments during a special meeting.  We affirm because the pleadings in this case demonstrate Brock did not have standing to challenge Mount Pleasant's zoning code and land development regulation amendments.[1]  *See Jowers v. S.C. Dep't of Health & Env't Control*, 423 S.C. 343, 353, 815 S.E.2d 446, 451 (2018) ("Our courts will not address the merits of any case unless it presents a justiciable controversy."); *Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317, 741 S.E.2d 515, 518 (2013) ("Standing, a fundamental prerequisite to instituting an action, may exist by statute, through the principles of constitutional standing, or through the public importance exception.").  First, Brock lacked statutory standing to challenge the amended zoning code.  *See Youngblood*, 402 S.C. at 317, 741 S.E.2d at 518 ("Statutory standing exists, as the name implies, when a statute confers a right to sue on a party, and determining whether a statute confers standing is an exercise in statutory interpretation.").  Here, Brock did not have statutory standing under the South Carolina Local Government Comprehensive Planning Enabling Act of 1994 because he did not demonstrate he suffered an injury distinct from the public generally.  *See Carnival Corp. v. Hist. Ansonborough Neighborhood Ass'n*, 407 S.C. 67, 78-79, 753 S.E.2d 846, 852 (2014) (explaining section 6-29-950 of the South Carolina Code (2004) creates a "legally protected interest and thereby standing for neighbors of properties violating a local zoning ordinance" and one seeking to enjoin an alleged zoning violation must demonstrate they suffered an "injury distinct from that suffered by the public generally").  Second, Brock lacked constitutional standing to challenge the amendments.  *See Youngblood*, 402 S.C. at 317, 741 S.E.2d at 518 (explaining constitutional standing requires a concrete and particularized injury, a causal connection between the conduct complained of and the injury, and the possibility of redress if a favorable decision is issued).  Brock's challenge focused on the legislative process the Town Council and Planning Commission of Mount

---

[1] Although the circuit court did not rule on standing grounds, we note justiciability is a threshold question.  *See Peoples Fed. Sav. & Loan Ass'n v. Res. Plan. Corp.*, 358 S.C. 460, 477, 596 S.E.2d 51, 60 (2004) ("A threshold inquiry for any court is a determination of justiciability, i.e., whether the litigation presents an active case or controversy." (quoting *Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct. App. 1998))); *James v. Anne's Inc.*, 390 S.C. 188, 193, 701 S.E.2d 730, 732 (2010) (stating appellate courts have "the inherent authority to consider justiciability); *Carolina All. for Fair Emp. v. S.C. Dep't of Labor, Licensing, & Reg.*, 337 S.C. 476, 486-87, 523 S.E.2d 795, 800-01 (Ct. App. 1999) (raising the issue of standing sua sponte in a declaratory judgment action and affirming the grant of summary judgment under Rule 56(c) because the appellant lacked standing).

Pleasant used to enact amendments.  Brock did not identify how the legislative process and the resulting amendments particularly injured him or his legally protected interests.  *See Baird v. Charleston County*, 333 S.C. 519, 530, 511 S.E.2d 69, 75 (1999) ("[A] private person may not invoke the judicial power to determine the validity of executive or legislative action unless he has sustained, or is in immediate danger of sustaining, prejudice therefrom."); *Carolina All. for Fair Emp.*, 337 S.C. at 486, 523 S.E.2d at 800 ("Such imminent prejudice must be of a personal nature to the party laying claim to standing and not merely of general interest common to all members of the public.").  Thus, Brock lacked standing to challenge the amendments to Mount Pleasant's zoning code and land development regulations.  Accordingly, we affirm.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.