**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jefferson Davis, Jr., Appellant,

v.

Chad Connelly, Tom Persons & South Carolina Educational Credit for Exceptional Needs Children Fund, Respondents.

Appellate Case No. 2020-001348

———

Appeal From Newberry County
Donald B. Hocker, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-006
Submitted October 2, 2023 – Filed January 3, 2024

———

**AFFIRMED**

———

Jefferson Davis, Jr., of Greenville, SC, pro se.

M. Dawes Cooke, Jr. and Justin Paul Novak, both of Barnwell Whaley Patterson & Helms, LLC of Charleston, and Geoffrey Kelly Chambers, of Green Cove Springs, FL, for Respondents.

———

**PER CURIAM:** Jefferson Davis Jr. sued Chad Connelly, Tom Persons, and the South Carolina Educational Credit for Exceptional Needs Children Fund

(Exceptional SC).  The circuit court found Davis lacked standing and dismissed his complaint with prejudice.  The circuit court also denied Davis's motion for perjury, contempt, and sanctions.  That motion was based on Davis's claim that an affidavit supporting the respondents' motion to dismiss allegedly contained false information.

Davis argues the dismissal was improper and the circuit court should have granted his motion.  We disagree.

**Standing**

To bring an action in South Carolina, "a party must possess standing either 'by statute, through the principles of constitutional standing, or through the public importance exception.'"  *S.C. Dep't of Soc. Servs. v. Boulware*, 422 S.C. 1, 7, 809 S.E.2d 223, 226 (2018) (quoting *Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317, 741 S.E.2d 515, 518 (2013)).

Exceptional SC is a 501(c)(3) nonprofit corporation established under section 12-6-3790 of the South Carolina Code (Supp. 2023).  The enabling statute explains that the organization is a public charity, though separate from the state. § 12-6-3790(B)(4).  The statute caps certain spending.  Currently, Exceptional SC can expend "up to five percent of the fund for administration and related costs." § 12-6-3790(B)(4).  When this action was filed and dismissed, the statute allowed only two percent to be spent on administrative expenses.  *See* Act No. 79, 2021 S.C. Acts 279 ("increase[ing] the amount the public charity may expend for administration costs to five percent").

Davis claims that Exceptional SC exceeded the two percent statutory cap that was in place in 2018 and 2019.  We agree with the circuit court that Davis lacks standing to bring this claim under any theory recognized by South Carolina law.

First, the enabling statute does not authorize a private right of action. *See* S.C. Code Ann. § 12-6-3790 (Supp. 2023).  In fact, the statute creates annual audit and reporting requirements.  *See* § 12-6-3790(B)(5).  We see these as suggesting the legislature did not envision private lawsuits to enforce the statute's requirements.  *See also* S.C. Code Ann. § 33-31-304(a), (b) (2006) (expressly limiting standing to challenge "the validity of corporate action" to the "Attorney General, a director, or . . . a member or members in a derivative proceeding"); § 33-31-304(c) ("A corporation's power to act may be challenged in a proceeding against an incumbent or former director, officer, employee, or agent of the corporation.  The proceeding may be brought by a director, the corporation, directly,

derivatively, or through a receiver, a trustee, or other legal representative, or in the case of a public benefit corporation, by the Attorney General.").

Second, Davis lacks constitutional standing. Constitutional standing requires "an injury-in-fact[,] which is a concrete, particularized, and actual or imminent invasion of a legally protected interest." *Youngblood*, 402 S.C. at 317, 741 S.E.2d at 518 (citation omitted). Davis has not suffered any injury sufficient to satisfy this requirement, nor has he demonstrated a personal stake in the outcome of this case. *See Duke Power Co. v. S.C. Pub. Serv. Comm'n*, 284 S. C. 81, 96, 326 S. E. 2d 395, 404 (1985) ("In order to have standing . . . , a party must have a personal stake in the subject matter of the lawsuit."). The harms Davis asserts are primarily (if not solely) on behalf of others. He claims Exceptional SC's alleged breach of the statutory cap diminished the amount of funds the organization was able to devote to its principal mission of providing scholarships for special needs students. If true, the injured parties in this situation are the students and their parents—not Davis. *See Lennon v. S.C. Coastal Council*, 330 S.C. 414, 416, 498 S.E.2d 906, 907 (Ct. App. 1998) (finding a pro se litigant "[could not] obtain standing by alleging he [was] acting in another's interest if he himself . . . suffered no individual injury").

Third, we agree with the circuit court that public importance standing does not apply. Public importance standing centers around scrutinizing *government* action. *See, e.g., Baird v. Charleston Cnty.*, 333 S.C. 519, 511 S.E.2d 69 (1999) (scrutinizing county action); *S.C. Pub. Int. Found. v. S.C. Dep't of Transp.*, 421 S.C. 110, 119, 804 S.E.2d 854, 859 (2017) (reviewing state agency action); *S.C. Pub. Int. Found. v. Wilson*, 437 S.C. 334, 342, 878 S.E.2d 891, 895 (2022) (applying the public importance exception to the attorney general's action). Exceptional SC is a "public charity," but it uses *private* funds for its administrative expenses and to give scholarships to exceptional needs students. S.C. Code Ann. § 12-6-3790(B)(1), (4) (Supp. 2023). Exceptional SC may not receive or expend public funds. § 12-6-3790(B)(1), (2), (4). In fact, the legislature explicitly deemed Exceptional SC "separate and distinct" from the state. § 12-6-3790(B)(1). This court recently held that Exceptional SC "is not a public body for the purposes of the state's FOIA." *Davis v. S.C. Educ. Credit for Exceptional Needs Child. Fund*, 441 S.C. 187, 203-05, 893 S.E.2d 330, 330 (Ct. App. 2023) ("The support that [Exceptional SC] receives in the form of likely fleeting assistance from state officials and use of the state fundraising platform is *de minimis*," as compared to "the diversion of 'a block of public funds . . . *en masse*' or 'the management of the expenditure of public funds.'" (citation omitted)). Furthermore, the key to public importance standing is the need for future guidance. *Vicary v. Town of Awendaw*, 425 S.C. 350, 359, 822 S.E.2d 600, 604 (2018) (finding "future guidance [was]

needed to determine the validity of the Town's [conduct]").  We do not see any demonstration of such a need in this record.

Fourth, we must reject Davis's argument that he has standing as a South Carolina taxpayer.  Davis asserts no harm related to taxpayer dollars or taxpayer liability.  In fact, it appears Exceptional SC's donors receive tax *benefits* rather than harm.  *See* S.C. Code Ann. § 12-6-3790(H)-(I) (Supp. 2023) (outlining tax credits that donors are entitled to under the statute).  As far as we can tell, these credits have nothing to do with Exceptional SC's administrative expenses.  Our supreme court has "unanimously closed the door to a litigant asserting standing simply by virtue of his [or her] status as a taxpayer."  *Bodman v. State*, 403 S.C. 60, 67, 742 S.E.2d 363, 366 (2013) (holding "mere taxpayer [status] . . . insufficient to confer standing upon [an individual]").

**Sanctions**

Davis's argument that the circuit court erred in denying his motion for perjury, contempt, and sanctions is conclusory and presented without supporting authority.  Precedent explains that arguments presented in this way are deemed abandoned.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding "Appellant fail[ed] to provide arguments or supporting authority for his assertion" and thus abandoned the issue on appeal); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory" and cites no authority.); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

Even so, the circuit court denied the motion because it did not consider the affidavit in its decision to dismiss the case, and therefore, the circuit court believed the affidavit was immaterial.  We were not presented with any authority identifying this sort of reasoning as an abuse of the court's discretion.  *See Culbertson v. Clemens*, 322 S.C. 20, 24, 471 S.E.2d 163, 165 (1996) ("A trial court's ruling on sanctions will not be disturbed absent a clear abuse of discretion."); *Ex parte Kent*, 379 S.C. 633, 637, 666 S.E.2d 921, 923 (Ct. App. 2008) ("The determination of contempt ordinarily rests within the sound discretion of the trial judge. . . .  Contempt is an extreme measure and the power to find an individual in contempt is not to be lightly asserted.").

Accordingly, the circuit court's dismissal of the lawsuit and denial of Davis's motion are

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.