**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Allen L. Murray, Christy Worthy Brown, and Michael Adam Brown, Appellants,

v.

Newberry County, South Carolina, Respondent.

Appellate Case No. 2022-000276

———————

Appeal From Newberry County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-143
Submitted February 1, 2025 – Filed April 30, 2025

———————

**AFFIRMED**

———————

S. Jahue Moore, of Moore Bradley Myers, PA, of West Columbia, for Appellants.

Steve A. Matthews, of Haynsworth Sinkler Boyd, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Allen L. Murray, Christy Worthy Brown, and Michael Adam Brown (collectively, Appellants) appeal the circuit court's grant of summary judgment to Newberry County (the County) and dismissal of their causes of action under Rule 12(b)(6) of the South Carolina Rules of Civil Procedure (SCRCP). On

appeal, Appellants argue the circuit court erred because they showed the County's zoning ordinance (the Ordinance) was unconstitutional, established causes of action for estoppel and inverse condemnation, demonstrated a prior lawful nonconforming use of the land, and stated facts sufficient to establish a cause of action. We affirm.

We hold the circuit court properly granted summary judgment on Appellants' first cause of action for a declaratory judgment that Appellants had a vested property right in using their land to allow temporary workers to house recreational vehicles on the property, Appellants were entitled to use the land in this way as a prior nonconforming use, and the Ordinance was unconstitutional because it violated Appellants' rights to due process and equal protection. *See Companion Prop. & Cas. Ins. Co. v. Airborne Exp., Inc.*, 369 S.C. 388, 390, 631 S.E.2d 915, 916 (Ct. App. 2006) ("In reviewing a motion for summary judgment, the appellate court applies the same standard of review as the [circuit] court under Rule 56(c), SCRCP."); *id.* ("Summary judgment should be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 390-91, 631 S.E.2d at 916 ("Our standard of review in evaluating a motion for summary judgment is to liberally construe the record in favor of the nonmoving party and give the nonmoving party the benefit of all favorable inferences that might reasonably be drawn therefrom." (quoting *Estes v. Roper Temp. Servs., Inc.*, 304 S.C. 120, 121, 403 S.E.2d 157, 158 (Ct. App. 1991))); *City of Columbia v. Town of Irmo*, 316 S.C. 193, 195, 447 S.E.2d 855, 857 (1994) (explaining, however, that the nonmoving party "may not rest upon mere allegations or denials, but must respond with specific facts showing a genuine issue"). Appellants provided no evidence showing they could prove a vested property right, prior nonconforming use, or violation of their due process rights. *See Harbit v. City of Charleston*, 382 S.C. 383, 394, 675 S.E.2d 776, 782 (Ct. App. 2009) ("In order to prove a denial of substantive due process, a party must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law."); *McMaster v. Columbia Bd. of Zoning Appeals*, 395 S.C. 499, 505, 719 S.E.2d 660, 663 (2011) ("In reviewing substantive due process challenges to municipal ordinances, a court must consider whether the ordinance bears a reasonable relationship to *any* legitimate interest of government."); *id.* ("The authority of a municipality to enact zoning ordinances, restricting the use of privately owned property is founded in the police power." (quoting *Rush v. City of Greenville*, 246 S.C. 268, 276, 143 S.E.2d 527, 530-31 (1965))). Moreover, Appellants lack standing to bring a claim for discrimination against temporary workers who did not reside in the County. *See Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct. App. 1998) ("A threshold inquiry for any court is a

determination of justiciability, *i.e.,* whether the litigation presents an active case or controversy."); *id.* ("No justiciable controversy is presented unless the plaintiff has standing to maintain the action." (quoting *Brock v. Bennett*, 313 S.C. 513, 519, 443 S.E.2d 409, 413 (Ct. App. 1994))); *id.* at 416, 498 S.E.2d at 906 ("A plaintiff must allege an actual controversy in which he has a personal stake." (quoting *Energy Research Found. v. Waddell*, 295 S.C. 100, 102, 367 S.E.2d 419, 420 (1988))).

We hold the circuit court also properly granted summary judgment to the County on Appellants' claims for estoppel and for inverse condemnation. Regarding estoppel, Appellants failed to provide any permits or representations by the County on which they purported to have relied. *See Quail Hill, LLC v. County of Richland*, 387 S.C. 223, 236-37, 692 S.E.2d 499, 506 (2010) (explaining the elements for estoppel against a government agency are "(1) lack of knowledge and of the means of knowledge of the truth as to the facts in question, (2) justifiable reliance upon the government's conduct, and (3) a prejudicial change in position"). Appellants similarly failed to support their claim for inverse condemnation with any evidence that they suffered a loss in property value due to the enactment of the Ordinance. *See Hawkins v. City of Greenville*, 358 S.C. 280, 290, 594 S.E.2d 557, 562 (Ct. App. 2004) ("To establish an inverse condemnation, a plaintiff must show: '(1) an affirmative, positive, aggressive act on the part of the governmental agency; (2) a taking; (3) the taking is for a public use; and (4) the taking has some degree of permanence.'" (quoting *Marietta Garage, Inc. v. S.C. Dep't of Pub. Safety*, 352 S.C. 95, 101, 572 S.E.2d 306, 308 (Ct. App. 2002))); *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 14, 675 S.E.2d 439, 442 (2009) ("A landowner has the burden of proving damages for the taking of the landowner's property, whether through condemnation proceedings or by inverse condemnation.").[1]

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] Because we affirm the circuit court's grant of summary judgment, we decline to consider whether the court properly dismissed the case under Rule 12(b)(6), SCRCP. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.